State v. Young

STATE OF NORTH CAROLINA v. KENNETH N. YOUNG

No. 7129SC100

(Filed 28 April 1971)

1. Criminal Law § 161— form of assignments of error

Purported assignment of error not referring to any exception presents no question for review by the Court of Appeals.

2. Criminal Law § 154— statement of case on appeal — agreement by solicitor

A so-called "Statement of Case on Appeal" which was not agreed to by the solicitor is not properly a part of the record on appeal.

3. Criminal Law § 161— grouping of exceptions

Appellant's exceptions must be grouped. Rules of Practice in the Court of Appeals Nos. 19(c) and 21.

4. Criminal Law § 91— motion for continuance

A motion for continuance is addressed to the sound discretion of the trial judge.

5. Criminal Law § 163— exception to the charge

An exception to the charge requires that the entire charge, not selected paragraphs, be included in the record on appeal. Rule of Practice in the Court of Appeals No. 19.

6. Criminal Law § 166— the brief — abandonment of assignments of error

Assignments of error for which no argument appears in the brief are deemed abandoned. Rule of Practice in the Court of Appeals No. 28.

7. Criminal Law § 161— appeal as exception to the judgment

An appeal to the Court of Appeals is itself an exception to the judgment or to any other matter of law appearing on the face of the record.

APPEAL by defendant from *Grist, Judge,* July 1970 Session Superior Court of TRANSYLVANIA County.

Defendant was tried under two bills of indictment: No. 68 CR 238-B alleging that as an officer of Diversified Insurance Service of North Carolina, Inc., he caused to be sold capital stock of that company to Floyd Buchanan of Transylvania County, North Carolina, without first properly registering said stock with the North Carolina Secretary of State, and No. 68 CR 238-C alleging that as an officer of the same company he caused to be offered for sale capital stock of the company without having first properly registered the stock with the Secretary of State. The jury returned a verdict of guilty as to each charge and from judgment entered on the verdicts, defendant appealed. Such facts as are necessary for a determination of the appeal are set out in the opinion.

*Attorney General Morgan, by Staff Attorney Ricks, for the State.*

*Ramsey and White, by William R. White, for defendant appellant.*

MORRIS, Judge.

[1-3] Defendant's first assignment of error is as follows: "1. The Court erred in that the Trial Judge allowed a motion to Quash and then later allowed the State to proceed on the quashed bill of indictment 68 CR 238-B, without it being resubmitted to the Grand Jury. (Page 14)" We are not referred to any exception. It is true that page 14 of the record contains a motion to quash indicating it was signed by counsel for defendant. No filing date is shown, nor does the record indicate the action taken thereon by the court, nor is any exception noted in the record. In the "Statement of Case on Appeal," pages 2-6 of the record on appeal, we find the following: "The defendant then made a Motion to Quash the indictment 238-B, the reason for it being that it, the State, had alleged in the bill of particulars in 238-C that Floyd Buchanan is one of the persons involved in the indictment 238-C and that the defendant contended that this would put the defendant on trial for the same offense twice and he thereupon moved to Quash 238-B. There was argument following. The Court stated 'I will rule that I will allow

the Motion to Quash the sale to Buchanan in favor of the offer to sale *(sic)* to him in 238-C.' The Court then allowed Mr. Lowe to withdraw Mr. Buchanan's name from the bill of particulars and the defendant objected and excepted. The Court then stated that it had overruled the Motion to Quash in 238-B and 238-C and treated the Motion as a motion for a bill of particulars." The question which defendant attempts to argue is not before us. The so-called "Statement of Case on Appeal" is not properly a part of the record on appeal. *Bost v. Bank,* 1 N.C. App. 470, 162 S.E. 2d 158 (1968). It has not been agreed to by the solicitor and merely serves as stating defendant's contentions with respect to the matters set out therein. The purported assignment of error refers to no exception taken, nor can we, on a voyage of discovery, find any exceptions taken. Where appellant's exceptions are not grouped as required by the Rules of Practice in the Court of Appeals of North Carolina, Rule 19(c) and Rule 21, they may not be considered. *Midgett v. Midgett,* 5 N.C. App. 74, 168 S.E. 2d 53 (1969); *Balint v. Grayson,* 256 N.C. 490, 124 S.E. 2d 364 (1962).

[4] Defendant's purported assignment of error No. 2 is directed to the court's denial of his motion for continuance. This attempted assignment of error is handled by appellant in an identical manner as No. 1. He refers to "page 16." We assume he refers to page 16 of the record on appeal. At page 16 we find a written motion for continuance, signed by counsel, showing no filing date. At the lower left hand corner thereof the words "Denied by the court P.K.F." appear. The initials P.K.F. are meaningless to us. No exception appears. In the "Statement of Case on Appeal," defendant does contend that the court overruled his motion for continuance and he objected and excepted. Even if the question defendant argues under this purported assignment of error was properly before us, he has shown no abuse of discretion, *State v. Moses,* 272 N.C. 509, 158 S.E. 2d 617 (1967), nor do we find anything in the case which takes it out of the general rule that a motion for continuance is addressed to the sound discretion of the trial judge. *State v. Murphy,* 4 N.C. App. 457, 167 S.E. 2d 8 (1969).

[5] Defendant's next six purported assignments of error attempt to point out alleged errors in the court's charge to the jury. Each again refers to a page number, but not to an exception. The charge of the court is not in the record on appeal.

On page 42 of the record on appeal we find the words "JUDGE'S CHARGE." Under these words we find the following "(For the case on appeal the Defense will only list such sections of the Judge's Charge as he takes exception to.)" The next two pages contain what apparently are selected paragraphs from the court's charge. After each paragraph there appears an exception; *i.e.,* after the first paragraph the words "This is EXCEPTION No. 3" appear. Rule 19, Rules of Practice in the Court of Appeals of North Carolina, require that where there is exception to the charge of the Court, the charge shall be included in the record on appeal. This, of course, means the entire charge. For reasons too obvious to mention, we will not attempt to consider alleged error in the selected portions of a charge where the entire charge is not before us.

[6]  Although defendant attempted to assign as error other rulings of the court, no argument thereon appears in his brief, and they are, therefore, deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

We direct counsel to the opinion of Judge Brock in *State v. Robert Edward Harris,* 10 N.C. App. 553, 180 S.E. 2d 29 (1971), for a very clear and concise discussion of the proper content and arrangement thereof in a record on appeal.

[7]  An appeal to the Court of Appeals or Supreme Court is itself an exception to the judgment or to any other matter of law appearing on the face of the record. *Balint v. Grayson, supra.* Despite the condition of the record on appeal before us, we have carefully examined it. The verdict supports the judgment, and we find

No error.

Judges BROCK and VAUGHN concur.