STATE OF NORTH CAROLINA v. MIKE SPOONER

No. 755SC601

(Filed 17 December 1975)

**Indictment and Warrant § 10— name of accused — use of nickname — no quashal**

> Defendant was not entitled to quashal of the indictment against him on the ground that the indictment alleged that his name was Mike Spooner but defendant contended his proper name was Michael Charles Irwin Spooner, since it appeared from the evidence that defendant was known and commonly referred to as Mike Spooner.

APPEAL by defendant from *Fountain, Judge.* Judgment entred 11 April 1975 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 23 October 1975.

Defendant pled not guilty to charges of breaking or entering and larceny. Prior to pleading, defendant moved to quash the indictment on the grounds that his true name was Michael Charles Irwin Spooner, not Mike Spooner as the indictment stated. The motion was denied.

For the State, Marianna Hott, owner of the Little Bavarian Restaurant, testified that her place of business was broken into and that liquor, meat and cigarettes were taken. Michael Henderson testified that he and the defendant participated in the break-in and larceny.

Defendant and several of his witnesses offered alibi evidence. The jury found defendant guilty as charged. He was sentenced to "not less than five (7) [*sic*] nor more than seven (7) years in the State Prison." From this judgment, defendant appeals.

*Attorney General Edmisten by Assistant Attorney General H. A. Cole, Jr., for the State.*

*Charles E. Sweeny, Jr., for defendant.*

CLARK, Judge.

The defendant asserts error in denial of his motion to quash the indictment on the ground that the indictment alleges that his name is Mike Spooner but that his proper name is Michael Charles Irwin Spooner. The only evidence that defendant's proper name is Michael Charles Irwin Spooner comes from the

defendant himself. The defendant's mother, brother and friends who offered alibi testimony, referred to him as Mike Spooner.

The name of the defendant in an indictment is required to be set out with some degree of accuracy and completeness for the purpose of protecting him from double jeopardy, but nomenclative exactitude is not practical. The doctrine of idem sonans applies when names sound alike. *State v. Higgs,* 270 N.C. 111, 153 S.E. 2d 781 (1967); *State v. Utley,* 223 N.C. 39, 25 S.E. 2d 195 (1943). However the doctrine of idem sonans does not apply in this case since "Mike" does not sound like "Michael." "Mike" is the nickname or the familiar form of the proper name Michael, and it appears from the evidence in this case that the defendant was known and commonly referred to as Mike Spooner. Where the indictment refers to the defendant by the name which he is commonly and generally known, rather than his proper name, the variance is immaterial. 41 Am. Jur. 2d, Indictments and Informations, §§ 128, 270, pp. 961, 1045 (1968); 42 C.J.S., Indictments and Informations, § 127(b), p. 1016 (1944); see also *State v. Buck,* 6 N.C. App. 726, 171 S.E. 2d 10 (1969).

We note that the judgment provides for a sentence of "not less than five (7) years." This is obviously a clerical error, and we direct the Clerk of Superior Court to correct the judgment and commitment by deleting the numeral (7) and substituting (5) to conform to the written "five" and to enter and issue the corrected judgment and commitment. Where there is error on the face of the record, an appeal presents the matter for review, and the judgment may be modified to conform with the legal requirement. *In re Burrus* 275 N.C. 517, 169 S.E. 2d 879 (1969). Except for the clerical error noted, we find

No error.

Chief Judge BROCK and Judge HEDRICK concur.