STATE OF NORTH CAROLINA v. HUGH WARNER HARRELL

No. 806SC685

(Filed 3 February 1981)

**1. Intoxicating Liquor § 15— possession of intoxicating liquor for purpose of sale — sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution of defendant for illegal possession of intoxicating liquor for the purpose of sale in violation of G.S. 18A-7 where it tended to show that defendant had in his constructive possession more than four liters of liquor with an alcoholic content of greater than 21%. G.S. 18A-7(a)(2); G.S. 18A-2(12).

**2. Intoxicating Liquor § 12— possession of intoxicating liquor for purpose of sale — evidence of possession of beer and wine**

In a prosecution for illegal possession of intoxicating liquor for the purpose of sale, testimony concerning beer and wine found at defendant's home was competent as tending to show that defendant's possession of the intoxicating liquor was for the purpose of sale.

**3. Intoxicating Liquor § 20— possession of intoxicating liquor for purpose of sale — no fatal variance between citation and verdict**

There was no fatal variance between a citation charging defendant with "possession of tax-paid whiskey for the purpose of sale -- G.S. 18A-7 -- that whiskey being intoxicating liquor" and a verdict finding defendant guilty of "possession of intoxicating liquor for the purpose of sale," since the reference in the citation to "tax-paid whiskey" was merely surplusage, and it is obvious that the jury found defendant guilty as charged.

4. Criminal Law § 163— alleged errors in charge — necessity for placing entire
   charge in record

   A reviewing court will not consider alleged errors in selected portions of a
   charge when the entire charge is not before it.

APPEAL by defendant from *Tillery, Judge.* Judgment entered
during 18 February 1980 session of Superior Court, HERTFORD
County. Heard in the Court of Appeals 2 December 1980.

Defendant was charged with possession of tax-paid whiskey,
"that whiskey being intoxicating liquor," for the purpose of sale in
violation of G.S. § 18A-7. From a jury verdict of guilty and the
imposition of a prison sentence of twelve months, defendant ap-
pealed.

*Attorney General Edmisten, by Associate Attorney William R.
Shenton, for the State.*

*Carter W. Jones, by Donnie R. Taylor, for the defendant appel-
lant.*

HEDRICK, Judge.

[1] Defendant contends, based upon his first and second assign-
ments of error, that the court erred in denying his motions to
dismiss the charge against defendant. The State offered evidence at
trial tending to show the following: On 26 May 1979, Calvin Pearce,
a law enforcement officer with the Hertford County Alcoholic Bev-
erage Control Board, obtained a search warrant for the purpose of
searching the premises at 516 North Maple Street in Ahoskie,
North Carolina for "illicit spirits and intoxicating liquor." At
approximately 8:45 p.m. Pearce, along with several other officers,
took the warrant to the specified address, and when they knocked
on the back kitchen door, a "lady's voice said, 'Come in'." Upon
entering, the officers served the warrant on defendant and one
Verlene Riddick. Defendant was standing in the middle of the
room, and Riddick was sitting at the kitchen table along with two
men. A "big bottle," "almost half gallon," of Inver House Scotch was
sitting on the table in front of Riddick, and another bottle of Inver
House Scotch and a bottle of Smirnoff Vodka were also sitting on
the table, along with cups in front of each person and several other
empty cups. Each of the cups had "an odor of alcohol." Two or three
"tubes of small cups" approximately three ounces in size were also
on the table. Some of the officers went into an adjacent bedroom and

State v. Harrell

found "about four liters of Inver House Scotch, Canada Dry Bourbon, and Smirnoff Vodka." Defendant and Riddick were placed under arrest, and Pearce asked defendant "whose room it was that the liquor was in and he stated it was his bedroom, . . ." Defendant further stated that "everything belonged to him with the exception of the bottle sitting in front of Verlene Riddick on the table."

The officers also found fourteen cans of beer, about one liter of wine, and "approximately an eighth of a liter" of Gilbey's Gin in the refrigerator, but no "Pepsi-Cola, Coca-Cola, Ginger Ale or any mixers" were found there. Upon looking into a "20 gallon, galvanized-type" garbage can beside the back door, Pearce discovered "approximately thirty-five or forty or maybe fifty" empty beer cans, a large number of three ounce cups, and "as many as three or four" empty half-gallon bottles of Inver House Scotch. While the officers were at the house, four or five people came to the back door, and "[t]hey would knock on the door, and come in and then ask if they could leave."

The liquor found by the officers was determined to be tax-paid liquor purchased from nearby Alcoholic Beverage Control stores, and the liquor taken from the bedroom "did not have the seals broken." The liquor was also determined to be 80 proof, or forty percent (40%) alcohol, and the total liquor found was approximately six and five-eighths (6⅝) liters, of which four and three-fourths (4¾) liters were in defendant's possession.

G.S. § 18A-7 in pertinent part provides:

(a) It is unlawful for any person, firm, association or corporation, by whatever name called, to have or keep in possession for the purpose of sale, except as authorized by law, any intoxicating liquors; and proof of any one of the following facts shall constitute *prima facie* evidence of a violation of this section:

. . .

(2) The possession of more than four liters of spirituous liquors at any one time, whether in one or more places; . . .

We think it is clear that the evidence is sufficient to require submission of the case to the jury, and to support the verdict. De-

State v. Harrell

fendant had in his constructive possession more than four liters of liquor with an alcoholic content of greater than twenty-one percent (21%); thus, he was in constructive possession of more than four liters of "spirituous liquors." G.S. § 18A-2(12). Thus, the evidence establishes a *prima facie* case of a violation of the statute. This assignment of error is without merit.

[2] Defendant's third assignment of error relates to the court's permitting the admission of testimony as to the presence of beer and wine in defendant's home, and the court's inclusion of this evidence in its instructions to the jury. Defendant argues that testimony concerning beer and wine found at defendant's home was irrelevant to proving the possession of "tax paid whiskey" for the purpose of sale, and that such testimony represented a "fatal variance between pleading and proof." We disagree. Defendant was charged with a violation of G.S. § 18A-7, possession of intoxicating liquor for the purpose of sale. Obviously, defendant's possession of any type of intoxicating liquor, whether beer, wine, or spirituous liquor, would be relevant to a prosecution under this statute. The fact that the State's case for showing a violation of the statute was proving possession of more than four liters of spirituous liquors does not preclude the State from introducing evidence that other, non-spirituous liquors were found in defendant's possession, as such evidence further tends to show that defendant's possession of spirituous liquors was for the purpose of sale. This assignment of error is without merit.

[3] By his seventh and eighth assignments of error, defendant contends the trial judge erred in denying his motions to set aside the verdict. Defendant argues that there is a "fatal variance" between the charge in the citation and the verdict, and that the verdict is "defective as a matter of law." Defendant was charged in a citation with the "possession of tax-paid whiskey for the purpose of sale--G.S. 18A-7--that whiskey being intoxicating liquor." The written verdict submitted to the jury is as follows:

> We the jury by unanimous verdict find the defendant Hugh Warner Harrell
>
> Guilty _____
>
> Not Guilty _____
>
> This 18th day of February, 1980.

s/ ————————————————
        Jury Foreman

The jury placed a check mark in the blank beside "Guilty" and the foreman signed the form. When the verdict was accepted by the court, the following occurred:

THE COURT: Ladies and gentlemen of the jury, by unanimous verdict you find the defendant, Hugh Warner Harrell, guilty of the offense of possession of intoxicating liquor for the purpse of sale. This is your verdict and so say you all?

Defendant argues that since the jury found defendant guilty of "possession of intoxicating liquor for the purpose of sale," it is at fatal variance with the citation which charged defendant with "possession of tax-paid whiskey for the purpose of sale." Obviously, the jury found defendant guilty as charged, as the reference to "tax-paid whiskey" in the citation is merely surplusage. Defendant also argues that the verdict is defective as a matter of law because it did not specify whether defendant was guilty of possession of whiskey for the purpose of sale, or of spirituous liquor for the purpose of sale. As pointed out above, we think the verdict is clear and finds the defendant guilty as charged, and the verdict conforms to the charge in the citation. These assignments of error have no merit.

**[4]** Finally, defendant's sixth assignment of error relates to the court's instructions to the jury. Where error is assigned to the giving or omission of instructions to the jury in a criminal action, the record on appeal shall contain a transcript of the entire charge given. Rule 9(b)(3)(vi), N. C. Rules of Appellate Procedure. A reviewing court will not consider alleged errors in selected portions of a charge when the entire charge is not before it. *State v. Young*, 11 N.C. App. 145, 180 S.E.2d 322 (1971). In the present case, the entire charge to the jury is not set out in the record, since only those portions of the instructions pertinent to the exceptions raised have been made part of the record. We will therefore not consider any alleged error in the instructions, and this assignment of error is without merit.

We hold that defendant had a fair trial free from prejudicial error.

No error.

Judges CLARK and WHICHARD concur.