State v. Taylor

STATE OF NORTH CAROLINA v. CLIFTON RUDOLPH TAYLOR

No. 8210SC1022

(Filed 5 April 1983)

1. **Criminal Law § 76.6— in-custody statements—sufficiency of court's findings**

The trial court's findings of fact in its order denying defendant's motion to suppress in-custody statements were sufficient to resolve conflicts in the voir dire evidence where the court made the essential findings that defendant was fully and properly advised of his rights and that defendant waived his *Miranda* rights both orally and in writing.

2. **Indictment and Warrant § 10— arrest under warrant using defendant's nickname**

Defendant's arrest in Virginia pursuant to a warrant issued in North Carolina for the arrest of a man named "Blood" was lawful where the real name of defendant was not known; "Blood" was a nickname of defendant given to police officers by one of his associates; defendant's correct Virginia address was noted on the warrant; and the associate accompanied North Carolina officers to Virginia and identified defendant as "Blood." Therefore, the trial court properly denied defendant's motion to suppress evidence on the ground that it was the fruit of an unlawful arrest.

3. **Criminal Law § 163— alleged expression of opinion in charge—absence of entire charge from record**

The appellate court will not consider defendant's contention that the trial judge expressed an opinion in his summation of the evidence where defendant failed to set out the entire charge in the record on appeal. App. R. 9(b)(3)(vi).

APPEAL by defendant from *Preston, Judge.* Judgment entered 4 March 1982 by *Battle, Judge,* in Superior Court, WAKE County. Heard in the Court of Appeals 16 March 1983.

Defendant was charged in a proper bill of indictment with armed robbery. The jury returned a verdict of guilty. Defendant appeals from the judgment entered against him.

*Attorney General Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Marc D. Towler, for defendant-appellant.*

HILL, Judge.

[1] Defendant initially contends that Judge Preston made insufficient findings of fact in his order denying defendant's motion to

suppress statements made by him to police officers. Defendant contends that, since his evidence on *voir dire* conflicted with evidence given by the police officers regarding whether he requested an attorney before making the statements and whether he stated that he did not wish to make a statement, the trial judge was required to make more specific findings of fact resolving the conflicts in testimony. The order entered by the trial judge states as follows:

1. Defendant was arrested in Alexandria, Virginia on November 8, 1980;

2. On or about November 10, 1980 an attorney in Alexandria was appointed to represent defendant;

3. On November 18, 1980 defendant was interviewed by Detective Williams; before the interview defendant was fully advised of his *Miranda* rights and waived all such rights, including right to have counsel present, both orally and in writing;

4. On January 28, 1981, defendant was interviewed by Detective Mack; before the interview defendant was fully advised of his *Miranda* rights and waived all such rights, including right to have counsel present, both orally and in writing;

5. On both November 10, 1980 and January 28, 1981, defendant was in full possession of his mental faculties and fully understood his rights.

Based upon the foregoing, the Court concludes as a matter of law that prior to both interviews defendant was fully and properly advised of his rights, that defendant fully understood his rights, that his oral and written waiver of rights were free, voluntary and understanding; and the Motion to Suppress is, therefore, denied.

We find no error. The trial judge made the essential finding that defendant waived his *Miranda* rights both orally and in writing. *State v. Reynolds,* 298 N.C. 380, 259 S.E. 2d 843 (1979), *cert. denied,* 446 U.S. 941, 100 S.Ct. 2164, 64 L.Ed. 2d 795 (1980). The order sufficiently resolves the basic question of whether defendant was fully and properly advised of his rights and made a waiver of those rights freely, voluntarily and with understanding.

[2] Defendant next argues that the trial judge erred in denying his motion to suppress evidence that was the fruit of an unlawful arrest made pursuant to a warrant which failed to properly identify him. The evidence at the hearing on defendant's motion to suppress showed that when the arrest warrant was sworn out in North Carolina on 7 November 1980, the real name of the defendant was not known and the warrant was issued for the arrest of a man named "Blood." This was a nickname of the defendant given to police officers by one of his associates, Cornelius Douglas. Defendant's correct Virginia address was noted on the warrant. Douglas accompanied the North Carolina police officers to Virginia and identified defendant as "Blood." The defendant was properly identified as "Clifton R. Taylor" in the Virginia arrest warrant issued 8 November 1980 upon information received from the North Carolina officers. The defendant's address on the North Carolina and the Virginia warrants was identical.

We agree with the defendant that a warrant must be as accurate and complete as possible in identifying a person charged with a crime. However, in certain instances, such as in the case at hand where defendant's true name was unknown, exactitude cannot be accomplished; and the description of an accused in a warrant by his alias, if done in good faith, will be considered proper. *See State v. Young*, 54 N.C. App. 366, 283 S.E. 2d 812 (1981), *aff'd*, 305 N.C. 391, 289 S.E. 2d 374 (1982). Where reference is made to a defendant in a warrant by the name by which he is commonly known, generally a variance with his true name will be deemed immaterial. *Cf., State v. Spooner*, 28 N.C. App. 203, 220 S.E. 2d 213 (1975) (variance in an indictment). Under the circumstances of this case, we find no error in the denial of defendant's motion to suppress upon this ground.

[3] By his final assignment of error, defendant contends that the trial judge expressed an opinion in his summation of evidence to the jury. Inasmuch as defendant has failed to set out the entire charge to the jury in the record on appeal, we do not reach his argument. Rule 9(b)(3)(vi), N.C. Rules of Appellate Procedure. "A reviewing court will not consider alleged errors in selected portions of a charge when the entire charge is not before it." *State v. Harrell*, 50 N.C. App. 531, 535, 274 S.E. 2d 353, 355-56 (1981). This assignment of error is overruled.

We hold that defendant had a trial free from prejudicial error.

No error.

Judges WELLS and JOHNSON concur.