STATE OF NORTH CAROLINA v. MATTHEW MACK MILAM

No. 839SC475

(Filed 3 January 1984)

1. **Criminal Law § 138— aggravating factor that lesser sentence would unduly depreciate the seriousness of crime—improperly considered**

    It was error for the trial court to find as factors in aggravation that the sentence was necessary to deter others and that a lesser sentence would unduly depreciate the seriousness of the crime since neither factor relates to the character or conduct of the offender.

2. **Criminal Law § 154— submission of stenographic transcript on appeal—questioning failure to find mitigating factors—failure to indicate which pages of transcript supported mitigating factors precluding review**

    Where, pursuant to Rule 9(c)(1) and Rule 28(b)(4) of the Rules of Appellate Procedure, defendant chose to submit a stenographic transcript of the testimony presented at his trial and sentencing hearing but failed to place in an appendix to his brief the portions of the trial testimony which purportedly supported his contentions regarding any mitigating circumstances which the trial judge failed to find, and failed to otherwise indicate on which pages in the transcript such evidence could be found, the sheer volume of the transcript precluded the Court from addressing the questions presented by defendant regarding the trial judge's failure to find particular mitigating factors.

3. **Criminal Law § 138— finding that jury took certain mitigating factors into account in its verdict—unsupported**

    The trial judge's finding that the jury took statutory mitigating factors "into account in its verdict" was unsupported and it was error for the trial judge to so find.

APPEAL by defendant from *Bailey, Judge.* Order entered 29 December 1982 in Superior Court, WARREN County. Heard in the Court of Appeals 6 December 1983.

Defendant, Matthew Mack Milam, was indicted for murder on 8 February 1982. Defendant entered a plea of not guilty, setting forth the defense of self-defense, the defense of another and accidental shooting. Four possible verdicts were submitted to the jury: (1) guilty of second degree murder; (2) guilty of voluntary manslaughter; (3) guilty of involuntary manslaughter; or (4) not guilty. The jury returned a verdict of guilty of involuntary manslaughter on 7 April 1982.

A sentencing hearing was held on 8 April 1982. The trial judge found two aggravating factors and two mitigating factors.

However, the trial judge made further findings that the jury had considered such mitigating factors in its verdict, and refused to find other mitigating factors that defendant contended were supported by the record.

Ultimately, the defendant filed a motion for appropriate relief challenging the trial judge's findings in aggravation and mitigation. Although Judge Bailey agreed with defendant that there was no evidence in the record to support the further findings that the jury took either of the mitigating factors into account in its verdict, defendant's motion for appropriate relief was denied on the grounds that the trial court properly found two factors in aggravation and, therefore, properly imposed a sentence in excess of the presumptive term. Defendant appeals from the denial of his motion for appropriate relief.

*Attorney General Edmisten, by Assistant Attorney General Barry S. McNeill, for the State.*

*Frank W. Ballance, Jr., P.A., for the defendant appellant.*

JOHNSON, Judge.

This appeal from the denial of defendant's motion for appropriate relief raises the question of whether the sentence imposed is supported by the evidence introduced at the sentencing hearing. The evidence consisted of the transcript of defendant's trial for the murder of Franklin Jiggetts. Defendant argues *inter alia* that the trial court erred in finding as a factor in aggravation "that the sentence given is necessary to deter others from committing the same crime, and that a lesser sentence would depreciate the seriousness of the crime," inasmuch as this factor was presumably considered by the legislature in determining the presumptive sentence for this offense.

Initially, it should be noted that the defendant failed to set out a numerical exception to this finding, either in the trial transcript or in the record on appeal, as required by Rule 10(b) of the Rules of Appellate Procedure. However, in the order denying defendant's motion for appropriate relief from which this appeal was taken, the court notes the following:

To the signing of the entry of the above order, the defendant in apt time objects and excepts and gives notice of appeal to the Court of Appeals.

Defendant also omitted to set out a numerical exception to this order, but does refer to the order under his "Grouping of Exceptions and Assignment of Error."

The Rules of Appellate Procedure are mandatory and failure to follow the Rules subjects defendant's appeal to dismissal. *See Marisco v. Adams,* 47 N.C. App. 196, 266 S.E. 2d 696 (1980). We have decided, however, to treat the purported appeal as a petition for writ of certiorari and allow it in order that we may decide the case on its merits.

[1] On 18 April 1982, a sentencing hearing was held in which defendant was given an eight year active sentence for involuntary manslaughter. Involuntary manslaughter is a Class H Felony with a presumptive prison term of three years and a maximum term of ten years. G.S. 14-18; G.S. 15A-1340.4(f)(6).

Pursuant to G.S. 15A-1340.4(a)(1), the trial court, in sentencing the defendant and again at the post-conviction motion hearing, found the following factors in aggravation:

15. The defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement.

16. Additional written findings of factors in aggravation.

The Court finds by a preponderance of the evidence that the sentence given is necessary to deter others from committing the same crime and that a lesser sentence would depreciate the seriousness of the defendant's crime and that this constitutes an aggravating factor in that it relates to the protection of the public by restraining offenders and providing a general deterrent to criminal behavior.

In mitigation, the trial court found two statutory factors:

4. The defendant was suffering from a mental condition that was insufficient to constitute a defense but significantly reduced his culpability for the offense.

9. The defendant acted under strong provocation, or the relationship between the defendant and the victim was otherwise extenuating.

To each of these mitigating factors, however, the trial judge added the additional written findings, "which the jury took into account in its verdict."

In his brief defendant contends, and the record so discloses, that there was no evidence before the trial court upon which it could find that the jury considered these factors, the court not having inquired of the jury or conducted a hearing to elicit testimony on this issue. However, we turn first to the issue raised by the trial judge's finding of additional factor Number 16 in aggravation.

Recently, in *State v. Chatman,* 308 N.C. 169, 301 S.E. 2d 71 (1983), the Supreme Court held that, under G.S. 15A-1340.4(a)(1) (Cum. Supp. 1981) it was error for the trial court to find as factors in aggravation that the sentence was necessary to deter others, and that a lesser sentence would unduly depreciate the seriousness of the crime. *Id.* at 180, 301 S.E. 2d at 78. Justice Meyer, writing for the court, commented:

> These two factors fall within the exclusive realm of the legislature and were presumably considered in determining the presumptive sentence for this offense. While both factors serve as legitimate purposes for imposing an active sentence, neither may form the basis for increasing or decreasing a presumptive term because neither relates to *the character or conduct of the offender.* (Emphasis in original.)

The state concedes that "there are no apparent grounds for distinguishing these cases," and that defendant is entitled to a new sentencing hearing because the judge erred in a finding in aggravation and imposed a sentence beyond the presumptive term. *State v. Ahearn,* 307 N.C. 584, 602, 300 S.E. 2d 689, 701 (1983).

[2] Defendant raises additional issues in his brief concerning the trial judge's failure to find certain mitigating factors listed in G.S. 15A-1340.4(a)(2) which he argues were supported by a preponderance of the evidence. Pursuant to Rule 9(c)(1) and Rule 28(b)(4) of

the Rules of Appellate Procedure, defendant chose to submit a stenographic transcript of the testimony presented at his trial and sentencing hearing and placed portions of the *sentencing hearing testimony* in the appendix of his brief. However, he failed to include those portions of the *trial testimony* which purportedly support his contentions regarding mitigating circumstances in the appendix, and failed to otherwise indicate on which pages in the transcript such evidence may be found. The appendix, therefore, erroneously contains only a record of defense counsel's arguments to the trial judge regarding evidence produced at trial in support of various mitigating factors, and not a record of the evidence itself.

In *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983), the Supreme Court stated that when evidence in support of a particular mitigating factor is uncontradicted, substantial, and there is no reason to doubt its credibility, to permit the sentencing judge simply to ignore it "would eviscerate the Fair Sentencing Act." Consequently, failure to find a mitigating factor under such circumstances constitutes reversible error. However, in order for the appellate court to make the determination of whether evidence of this nature was introduced at trial and at the sentencing hearing, the record on appeal must reveal *what the evidence is* in a direct and concise manner. The trial transcript in this case consists of some 250 pages. It is simply impossible for this Court to properly address the question presented by defendant regarding the trial judge's failure to find particular mitigating factors without, at the very least, specific references to the trial transcript pages where testimony supporting defendant's arguments may be found. Further review of the question presented in defendant's brief on this issue is therefore precluded.

[3] We make one further observation with respect to the trial judge's finding that the jury took statutory mitigating factors Nos. 4 and 9 "into account in its verdict." Inasmuch as there was no evidence of record to support such findings, it appears that the trial judge made these inferences from the fact that the jury failed to return a verdict of guilty of either second degree murder or voluntary manslaughter, but rather, found the defendant guilty only of the lesser included offense of involuntary manslaughter. Such an inference from the *bare fact* that the jury returned a verdict of guilty of a lesser included offense is untenable, as it

would negate the possibility of a defendant receiving the benefit of consideration of otherwise clearly established factors in mitigation whenever a verdict of guilty of a lesser included offense of murder is returned. There is no indication contained in the Fair Sentencing Act that the Legislature intended this result, and it is clear that such an application of its provisions would "eviscerate" the Act just as surely as would the failure of the trial judge to find the mitigating factor in the first instance.

For the reasons set forth above, the defendant is entitled to a new sentencing hearing on his involuntary manslaughter conviction.

Vacated and remanded.

Judges ARNOLD and PHILLIPS concur.