STATE OF NORTH CAROLINA v. CARROLL EUGENE MATTHEWS

No. 8329SC705

(Filed 3 July 1984)

1. **Criminal Law § 102.8— no comment on defendant's failure to testify**

    The prosecutor's jury argument that the State's evidence was uncontradicted did not constitute an improper comment upon defendant's failure to testify.

2. **Criminal Law § 138— mitigating factors—insufficient evidence**

    Unsworn statements by defense counsel were insufficient to require the trial court to find statutory mitigating factors.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 8 December 1982 in Superior Court, HENDERSON County. Heard in the Court of Appeals 18 January 1984.

In case 82CRS1079 defendant was indicted and tried upon a charge of assault with a deadly weapon with intent to kill inflict-

ing serious injury. In cases 81CRS3501 and 81CRS10257 defendant was charged with having violated the conditions of probation. Upon a jury verdict of guilty of assault with a deadly weapon inflicting serious injury, defendant was sentenced to a term of ten years. The trial judge found defendant in willful violation of his probation. Consequently, defendant's probation was revoked and the suspended sentence of twelve months was placed into immediate effect. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Richard L. Griffin, for the State.*

*Nora Henry Hargrove, for defendant appellant.*

JOHNSON, Judge.

The State's evidence was uncontradicted and tended to show the following: Terry Wilkie is the mother of defendant's child. Terry and the child were living in the house of Terry's father, Charles B. Wilkie. In the early morning hours of 8 February 1982, defendant appeared at the outside of Terry's bedroom window while Terry and the child were asleep therein. Defendant woke Terry by tapping on the window. When Terry opened the window slightly to inquire as to what defendant wanted, defendant, over Terry's protest, opened the window wider and entered the bedroom and refused to leave. Defendant had a pocketknife in his possession at the time. Terry went to her father's room and asked her father to make defendant leave. Mr. Wilkie opened the front door and yelled to defendant to leave. As defendant walked toward the front door, as if to leave, he pushed Mr. Wilkie and stabbed him in the abdomen with the pocketknife. Mr. Wilkie underwent surgery and was hospitalized for one week. Defendant offered no evidence.

Defendant brings forward two assignments of error: (1) that the district attorney improperly commented on defendant's failure to testify; and (2) that the trial court committed prejudicial error in sentencing defendant by failing to find five statutory factors in mitigation.

I

[1] During closing argument, the district attorney made the following statement to the jury:

The State's evidence, in this case, members of the jury, is un-contradicted. There's one thing that impresses me, and I hope you noticed it. Both of these folks went on the stand, and I believe did their very best to be absolutely fair and straightforward in the way that they testified and in the things that they said. And that doesn't happen in every case. I didn't see the slightest evidence that either one of these people were trying to tell you anything that was not correct, and Miss Wilkie admitted everything about what happened that night. I believe these folks told it in a straightforward manner and that you have the true facts in this case before you as the facts were described by these two witnesses. Their testimony is uncontradicted. It simply comes down to a matter of what does the jury conclude given these facts? So, I submit that the evidence is uncontradicted . . . .

It is well settled that a defendant's failure to take the stand and testify during his trial may not be used against him at trial and may not be commented upon by the prosecution. *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed. 2d 106 (1965); U.S. Const. amend. V and amend. XIV; N.C. Const. art. 1, § 23; G.S. 8-54. Defendant contends the district attorney's remarks amount to an improper comment upon defendant's failure to testify, while the State contends that the remarks do not constitute a comment upon defendant's failure to testify.

We find that *State v. Smith,* 290 N.C. 148, 226 S.E. 2d 10, *cert. denied,* 429 U.S. 932, 97 S.Ct. 339, 50 L.Ed. 2d 301 (1976) and *State v. Tilley,* 292 N.C. 132, 232 S.E. 2d 433 (1977) are dispositive of this assignment of error. In *Smith,* as in this case, the defend-ant offered no evidence. The Supreme Court summarized the challenged remarks made by the district attorney in his closing argument as follows:

(1) That defendant "would have you believe that he did not participate at all"; (2) that Mrs. Hall "was on the stand for a considerable time and nobody pointed a finger of accusation at her, not even on cross-examination"; (3) that, referring to the victim, "the evidence is uncontradicted, bear that in mind, that he not only didn't have a weapon, there was not one in his house"; (4) that "this testimony is uncontradicted as is every bit of the State's evidence"; (5) that "there is not

a scintilla of evidence from any source that anybody was ever on the scene except Brady Tilley and Harold Jordan and J. V. Smith"; (6) that, referring to the testimony of Julia Pruitt, "J. V. left there with the automatic, the pistol stuck in his belt, and ladies and gentlemen, throughout this thing I ask you to remember that this evidence is uncontradicted"; (7) that "Brady Tilley and Harold Jordan are still there and then the uncontradicted evidence is that the group sat down there at the table and they were strangely quiet"; and finally, (8) that "I ask you to decide the case on the evidence that you have before you and ask that you remember that it is uncontradicted."

*Id.* at 165-166, 226 S.E. 2d at 21. The Court held that since contradictions in the State's evidence, if such existed, could have been shown by the testimony of others or by cross-examination of the State's witnesses, the prosecution was privileged to argue that the State's evidence was uncontradicted and that such argument did not constitute an improper comment upon defendant's failure to testify.

In *Tilley*, the defendant also failed to present evidence and likewise contended that the district attorney improperly commented on defendant's failure to testify by arguing to the jury that "not a single word of it [State's evidence] is contradicted, and there is a lot of difference between denying it and contradicting (it)." 292 N.C. at 143, 232 S.E. 2d at 441. In holding that the district attorney's comments were not improper, the court stated that while the defendant's failure to testify is not the subject of comment or consideration, the jury, in weighing the credibility of the evidence offered by the State may consider the fact that it is uncontradicted or unrebutted. Consequently, the State is permitted to draw the jury's attention to this fact. *Id.*

The challenged remarks of the district attorney in the case *sub judice* are similar to the challenged remarks in *Smith* and *Tilley,* and were likewise directed to the jury's role in weighing the uncontradicted evidence and considering the credibility of the State's witnesses. Therefore, the challenged statements did not constitute comments on defendant's failure to testify. Accordingly, defendant's first assignment of error is without merit.

## II

**[2]** By his final assignment of error, defendant contends that the court erred in sentencing him by failing to find the following five statutory mitigating factors:

1. The defendant committed the offense under duress . . . which was insufficient to constitute a defense but significantly reduced his culpability. G.S. 15A-1340.4(a)(2)(b).

2. The defendant was suffering from a mental or physical condition that was insufficient to constitute a defense but significantly reduced his culpability for the offense. G.S. 15A-1340.4(a)(2)(d).

3. The defendant's . . . limited mental capacity at the time of commission of the offense significantly reduced his culpability for the offense. G.S. 15A-1340.4(a)(2)(e).

4. The defendant acted under strong provocation, or the relationship between the defendant and the victim was otherwise extenuating. G.S. 15A-1340.4(a)(2)(i).

5. The defendant has made substantial or full restitution to the victim. G.S. 15A-1340.4(a)(2)(f).

Where the evidence in support of a mitigating factor is substantial, uncontradicted and inherently credible, it is error for the trial court to fail to find such mitigating factor. *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983); *State v. Winnex*, 66 N.C. App. 280, 311 S.E. 2d 594 (1984). The defendant has the burden of establishing such mitigating factors by a preponderance of the evidence. *State v. Jones, supra; State v. Hinnant*, 65 N.C. App. 130, 308 S.E. 2d 732 (1983).

At the sentencing hearing, the State presented evidence of defendant's prior convictions. The only evidence presented by defendant was an unsworn statement by defense counsel to the effect that defendant was evaluated at Dorothea Dix Hospital[1]

---

1. The report from Dorothea Dix Hospital was not included as part of the record on appeal and the only indication of its contents may be gleaned from the following comment by the district attorney to the trial court: "I saw that [report]. I think Dr. Royal made that report, and I don't think he indicated there was anything wrong with the man [defendant] other than being anti-social . . ."

---

---

after the assault upon Mr. Wilkie and that defendant, although unemployed, is a good worker. Further, that defendant has stated that he wanted to help pay Mr. Wilkie's hospital bill.

In *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983), the defendant's attorney, in his final argument on sentencing, stated that defendant did not have a criminal record. The Supreme Court stated that an unsworn statement by an attorney is not such uncontradicted credible evidence as to require the trial court to find a mitigating factor. None of the evidence presented by defendant in the case *sub judice*, nor any of the evidence presented at trial, supports the finding of any statutory mitigating factors. Therefore, defendant has failed to carry his burden on this issue. *State v. Jones, supra; State v. Thompson, supra.* Consequently, defendant's assignment of error is without merit.

In defendant's trial we find

No error.

Chief Judge VAUGHN and Judge WEBB concur.