STATE OF NORTH CAROLINA v. CHARLES EDWARD HIGHSMITH

No. 843SC827

(Filed 2 April 1985)

1. **Criminal Law § 91.7— absence of witness—continuance denied—no error**

The denial of defendant's motion for a continuance in order to obtain witnesses did not violate defendant's rights under the federal or state constitutions where the indictment had been pending since June 1983; defendant had not been able to locate the witnesses on at least one previous occasion when the case was set for trial, but had not subpoenaed the two witnesses to be present at the October 1983 trial; and defendant and another witness testified with regard to defendant's claim of self-defense. The two missing witnesses would not have added anything more than corroboration and defendant failed to demonstrate prejudice.

State v. Highsmith

2. **Evidence § 22— absent witnesses—testimony at probable cause hearing not admitted—no error**

   The court did not err by excluding the testimony given at the probable cause hearing by witnesses absent from the trial where defendant had attempted to contact the witnesses through private investigation but had not subpoenaed them.

3. **Criminal Law § 138— failure to find mitigating factor of strong provocation—no error**

   The court did not err by failing to find the mitigating factor of strong provocation where, after the original altercation which evidenced a threat or challenge to defendant by the victim, defendant proceeded to his residence six blocks away, obtained a shotgun and shells, and returned to the vicinity of the original fight. G.S. 15A-1340.4(a)(2)i.

APPEAL by defendant from *Allsbrook, Judge.* Judgment entered 6 October 1983 in Superior Court, PITT County. Heard in the Court of Appeals 11 March 1985.

Defendant was indicted for assault with a deadly weapon with intent to kill inflicting serious injury. On the day the case was called for trial, defendant moved for a continuance for the purpose of obtaining two absent witnesses. The trial judge denied the motion.

The State's evidence tended to show that on the evening of 6 May 1983, Curtis Brown, accompanied by his girlfriend, was collecting admission at the entrance of the Rocking Palace, a local nightclub. Brown was armed with a .22 caliber pistol in a shoulder holster underneath his jacket. As defendant exited the Rocking Palace, he made some suggestive remarks to Brown's girlfriend. Brown followed the defendant outside the club and demanded that he apologize. Defendant refused and a fight ensued in which Brown hit defendant several times and knocked him out. Brown did not display his pistol. He returned to the club and gave his pistol to his girlfriend, who left to go home. Approximately twenty minutes later Brown left the club. As he approached his car, he noticed the defendant walk from behind another car toward him. Defendant said, "You jumped on me when I was drunk while ago." Brown asked him "did he want some more of what he got." At that point, Brown "saw him bring something from his side. . . . The only thing I remember is when I saw him bringing something up from his side everything went black." Charles Crandell testified that he was parked in a nearby car, saw defend-

ant carrying something, and then heard two shotgun blasts. Brown sustained gunshot wounds to the face and chest.

Defendant testified that after the first altercation with Brown he ran several blocks to his residence and secured his shotgun. He returned to the vicinity of the Rocking Palace to retrieve his glasses, hat and coat and carried the shotgun with him in case any more trouble developed with Brown. As he approached the Rocking Palace, he placed the shotgun behind a nearby church building and called to a friend, Gary Smith, to see if he could find defendant's hat and coat. Defendant then saw Brown and his brother, James, and heard Brown yelling at him to "come here." Defendant retrieved his shotgun and was leaving the area when he heard two pistol shots and heard bullets pass close by him. As he was running he fired one shot in the direction of Brown and his brother. Donald Ray Williams testified that he heard two pistol shots before the shotgun blast and that he had seen James Brown with a .38 caliber pistol earlier that night.

Defendant was convicted of assault with a deadly weapon inflicting serious injury, a violation of G.S. 14-32(b). The court found as a factor in aggravation that defendant had a prior conviction for a criminal offense punishable by more than sixty days' confinement. The court found no mitigating factors and that the factors in aggravation outweighed those in mitigation. Defendant received a seven year sentence, four years in excess of the presumptive term. Defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Arthur M. McGlauflin, for defendant appellant.*

MARTIN, Judge.

Defendant assigns as error the denial of his motion for a continuance, the exclusion of prior testimony from the probable cause hearing, and his sentencing. For the reasons which follow, we find no error in defendant's trial and sentencing.

[1] Defendant first assigns as error the trial court's denial of his motion to continue in order to obtain witnesses on his behalf. Defendant does not contend the trial court abused its discretion in denying his motion for continuance; rather, he asserts as error

State v. Highsmith

the denial of his constitutional rights, arguing the testimony of the absent witnesses was necessary to establish his claim of self-defense. *See State v. Chambers,* 53 N.C. App. 358, 280 S.E. 2d 636, *cert. denied,* 304 N.C. 197, 285 S.E. 2d 103 (1981). If a motion for a continuance is based on a right guaranteed by the federal and state constitutions, the question presented is one of law and not of discretion. *State v. Brower,* 289 N.C. 644, 224 S.E. 2d 551 (1976). Defendant "must show both that there was error in the denial of the motion and that he was prejudiced thereby before he will be granted a new trial." *State v. Thomas,* 294 N.C. 105, 111, 240 S.E. 2d 426, 431-32 (1978). Prejudicial error amounts to a denial of a substantial right, or, in other words, defendant must show that if the error had not occurred, there is a reasonable possibility that the result of the trial might have been materially more favorable to him. *Johnson v. Heath,* 240 N.C. 255, 81 S.E. 2d 657 (1954).

Applying this standard to the case at bar, we find that defendant's rights under the federal and state constitutions were not denied him. Due process requires that defendant be allowed a reasonable time and opportunity to produce competent evidence in defense of the crime with which he is charged and to confront his accusers with other testimony. *State v. Baldwin,* 276 N.C. 690, 174 S.E. 2d 526 (1970). The record discloses that defendant was given the opportunity to fairly prepare and present his defense. The indictment had been pending since June 1983. Although the witnesses had testified at the probable cause hearing, defendant had not been able to locate them on at least one previous occasion when the case was set for trial. Still, defendant had not subpoenaed the two witnesses to be present at the October trial. Additionally, both the defendant and Donald Ray Williams testified with regard to the pistol shots heard before the shotgun blast, i.e., defendant's claim of self-defense. Defendant has failed to demonstrate that the lack of testimony from the two witnesses was prejudicial to him. Their testimony would not have added anything more than corroboration to his defense. *See State v. Davis,* 61 N.C. App. 522, 300 S.E. 2d 861 (1983). Defendant's constitutional rights have not been denied; this assignment of error is overruled.

[2] Defendant next assigns error to the trial judge's exclusion of the prior testimony of the absent witnesses at the probable cause

hearing. Defendant sought to introduce this prior testimony through cross-examination of the victim Brown, who was not able to identify the person who testified at the probable cause hearing, only that he "heard that someone said that it was two or three shots fired." He also sought, on cross-examination, to elicit the testimony of the State's witness, Charles Crandell, that he had heard Howard Kennedy testify at the probable cause hearing that Kennedy had heard pistol shots before the shotgun was fired.

When the original witness is unavailable, his testimony at a preliminary stage of the same cause is admissible under the prior testimony exception to the hearsay rule and may be proved by the testimony of a person who heard it. *See* Brandis on North Carolina Evidence, § 145. A witness is unavailable if he is dead, insane, beyond the reach of a summons, or the proponent of the prior testimony is unable, despite due diligence, to obtain the attendance of the witness. *See* N.C. Evid. R. 804. While defendant asserts that he exercised due diligence to obtain the attendance of the witnesses by attempting to contact them through his private investigation, we find that defendant has failed to meet the unavailability requirement necessary before the prior testimony may be admitted. Although the indictment had been pending since June 1983, defendant had not subpoenaed the two witnesses to be present at the October trial. In essence, defendant's justification for the absence of the witnesses was that they were "merely temporarily unavailable." From the record before us, defendant has not made a sufficient showing that the witnesses were unavailable. This assignment of error is overruled.

[3]  Defendant finally contends there was evidence which was uncontradicted and manifestly credible in accord with the rule set forth in *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983), which required the court during the sentencing to find the mitigating factor that defendant acted under strong provocation. G.S. 15A-1340.4(a)(2)i. Defendant has failed to show that he acted under strong provocation. While the original altercation evidenced a threat or challenge by the victim to the defendant, *see State v. Puckett*, 66 N.C. App. 600, 312 S.E. 2d 207 (1984), the ensuing events of defendant proceeding to his residence six blocks away, obtaining a shotgun and shells, and then returning to the vicinity of the original fight manifest actions more consistent with a prior

determination to seek out a confrontation rather than a state of passion without time to cool placing defendant beyond control of his reason. The trial judge did not err in failing to find the mitigating circumstance of "strong provocation" under G.S. 15A-1340.4(a)(2)i, and therefore did not err in sentencing the defendant to a term in excess of the presumptive term.

Defendant received a fair trial and fair sentencing hearing.

No error.

Chief Judge HEDRICK and Judge WELLS concur.