STATE OF NORTH CAROLINA v. TERRY FAISON

No. 874SC598

(Filed 17 May 1988)

1. **Criminal Law § 138.38— assault with a deadly weapon—mitigating factor of provocation—not found—no error**

   The trial court did not err when sentencing defendant for assault with a deadly weapon inflicting serious injury by not finding the mitigating factor of strong provocation where defendant approached the victim at work and a discussion ensued during which no weapons were displayed; defendant left the building after the discussion, went to his car, obtained a rifle and returned to the building; and upon seeing the victim defendant fired a total of eight shots, eventually shooting the victim numerous times.

2. **Criminal Law § 138.30— assault with a deadly weapon—mitigating factors— finding that jury had considered mitigating factors in verdict—improper**

   A defendant was entitled to a new sentencing hearing on a conviction for assault with a deadly weapon inflicting serious injury where the defendant had been charged with assault with a deadly weapon with intent to kill inflicting serious injury and the trial court relied on the jury's verdict of the lesser included offense to determine that the statutory mitigating factors of duress, threat and mental condition had been satisfied.

APPEAL by defendant from *Barefoot, Judge*. Judgment entered 16 July 1986 in Superior Court, DUPLIN County. Heard in the Court of Appeals 8 December 1987.

Defendant was indicted for assault with a deadly weapon with intent to kill inflicting serious injury. Defendant was convicted for assault with a deadly weapon inflicting serious injury for which he was sentenced to a term of seven years. From the imposition of this sentence, defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Edmond W. Caldwell, Jr., for the State.*

*C. Branson Vickory, Jr. and Roland C. Braswell for defendant-appellee.*

JOHNSON, Judge.

The only issue before this Court is whether the trial court abused its discretion during the sentencing hearing, as appellant contends, for failing to consider four mitigating factors.

On 16 July 1986, the trial judge held a sentencing hearing. The trial judge ruled that the aggravating factors outweighed the mitigating factors and sentenced defendant to an active term of seven years, four years in excess of the presumptive sentence.

Defendant contends that the trial court erred by failing to find the following statutory mitigating factors:

1. The defendant committed the offense under duress, . . . which was insufficient to constitute a defense but significantly reduced his culpability. G.S. sec. 15A-1340.4(a)(2)(b)

2. The defendant committed the offense under . . . threat, . . . which was insufficient to constitute a defense but significantly reduced his culpability. G.S. sec. 15A-1340.4(a)(2)(b)

3. The defendant was suffering from a mental or physical condition that was insufficient to constitute a defense but significantly reduced his culpability for the offense. G.S. sec. 15A-1340.4(a)(2)(d)

4. The defendant acted under strong provocation, . . . G.S. sec. 15A-1340.4(a)(2)(i)

Where the evidence in support of a mitigating factor is substantial, uncontradicted and inherently credible, it is error for the trial court to fail to find such a mitigating factor. *State v. Matthews,* 69 N.C. App. 526, 317 S.E. 2d 62 (1984). The defendant has the burden of establishing such mitigating factors by a preponderance of the evidence. *State v. Hinnant,* 65 N.C. App. 130, 308 S.E. 2d 732 (1983).

[1]   We first address defendant's contention that the trial court erred in failing to find as a mitigating factor that defendant acted under strong provocation. Defendant's contention is without merit.

Provocation within the meaning of G.S. sec. 15A-1340.4(a)(2)(i) requires a showing of a threat or challenge by the victim to the defendant. *State v. Braswell*, 78 N.C. App. 498, 337 S.E. 2d 637 (1985). When evidence is offered to support a claim for a mitigating factor of strong provocation, the trial judge must determine what facts are established by a preponderance of the evidence, and then determine whether those facts support a conclusion of strong provocation. Only if the evidence offered at the sentencing hearing so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn is the court compelled to find that the mitigating factor exists. *State v. Clark*, 314 N.C. 638, 336 S.E. 2d 83 (1985).

In *State v. Highsmith*, 74 N.C. App. 96, 327 S.E. 2d 628 (1985), this Court held that the trial court did not err by failing to find the mitigating factor of strong provocation where, after the original altercation which evidenced a threat or challenge to defendant by the victim, defendant proceeded to his residence six blocks away, obtained a shotgun and shells, and then returned to the vicinity of the original fight. This Court stated that "returning to the vicinity of the original fight manifest[s] actions more consistent with a prior determination to seek out a confrontation rather than a state of passion without time to cool placing defendant beyond control of his reason." *Id.* at 100-01, 327 S.E. 2d at 631.

Similarly, in the case *sub judice*, the evidence showed that defendant approached the victim at work and a discussion ensued during which no weapons were displayed. After the discussion, defendant left the building, went to his car, obtained a rifle and returned to the building. Upon seeing the victim, defendant fired a total of eight shots and eventually shot the victim numerous times. Thus, as in *Highsmith*, in the case *sub judice*, we believe that the evidence does not compel the conclusion that strong provocation has been proved by a preponderance of the evidence.

[2]   As to defendant's other three arguments concerning the mitigating factors of duress, threat and mental condition, we

believe the trial court erred when it relied on the jury's verdict of the lesser included offense of assault with a deadly weapon inflicting serious injury to determine that these statutory mitigating factors had been satisfied. The finding by the jury of a lesser included offense does not relieve a trial court from adequately determining the existence of mitigating factors.

The following is the court's colloquy during the sentencing hearing regarding these mitigating factors at issue in the case *sub judice.*

COURT: Well, I've got some aggravating and mitigating circumstances that I've got to have cleared up. . . . Let the record reflect that this is a Class H felony. The maximum sentence is 10 years, the presumptive sentence is 3. As a mitigating factor the Court finds that . . . [a]s to number 3 you're speaking of, . . . the defendant committed the offense under duress which was insufficient to constitute defense, but significantly reduced the culpability, *I would say in answer to that one, that the jury has answered that one by not convicting him of assault with a deadly weapon with intent to kill.* That takes care of that. Number 5, the defendant committed the offense under threats which was [sic] insufficient to constitute an offense, but sufficiently — *I think the same thing there that the jury saw fit to reduce the charge with intent to kill to assault inflicting serious injury.* Number 9, that you spoke of the defendant was suffering from a mental condition that was insufficient to constitute a defense by significantly reducing this culpability for the defense. *I find the same situation in that. The jury reducted [sic] it or found the defendant guilty of a lesser included offense.*

In *State v. Milam,* 65 N.C. App. 788, 310 S.E. 2d 141 (1984), the trial judge at a sentencing hearing found two aggravating factors and two mitigating factors. However, the trial judge made further findings that the jury *had considered such mitigating factors in its verdict,* and refused to find other mitigating factors that defendant contended were supported by the record. This Court held that,

[s]uch an inference from the *bare fact* that the jury returned a verdict of guilty of a lesser included offense is untenable, as it would negate the possibility of a defendant receiving the

benefit of consideration of otherwise clearly established factors in mitigation whenever a verdict of guilty of a lesser included offense . . . is returned. There is no indication contained in the Fair Sentencing Act that the Legislature intended this result, and it is clear that such an application of its provisions would "eviscerate" the Act just as surely as would the failure of the trial judge to find the mitigating factor in the first instance.

*Id.* at 792-93, 310 S.E. 2d at 144-45.

Similarly, in the case *sub judice*, the trial court made findings that the jury had considered the mitigating factors relating to duress, threat and mental condition by finding the defendant guilty of the lesser included offense of assault with a deadly weapon inflicting serious injury. Such an *ad hoc* determination of the mitigating factors, as was performed in *Milam*, requires this Court to find error in the trial court's judgment. Accordingly, and for the reasons set forth above, we hold that defendant is entitled to a new sentencing hearing on his assault with a deadly weapon inflicting serious injury conviction.

Vacated and remanded.

Judges ARNOLD and ORR concur.