STATE v. FOSTER

[101 N.C. App. 153 (1990)]

STATE OF NORTH CAROLINA v. CECIL FRANKLIN FOSTER, JR.

No. 9027SC205

(Filed 18 December 1990)

**1. Criminal Law § 1123 (NCI4th)— second degree murder— aggravating factor of premeditation and deliberation— sufficiency of evidence**

Evidence was sufficient to support the trial court's finding as an aggravating factor for second degree murder to which defendant pled guilty that defendant committed the offense after premeditation and deliberation where it tended to show that defendant went to the victim's home armed with a .22-caliber pistol on the morning after being told that the victim had molested defendant's daughter; defendant refused to allow the victim's wife to leave the living room; with her still in the room, defendant shot the victim once in the chest; he fired the pistol five more times, shooting the victim in the head; before defendant fired the last shot, the victim's wife pleaded with him to stop shooting because the victim was already dead; defendant refused to believe her and fired the last shot into the victim's head; once defendant and the victim's wife were outside, defendant said, "let's go back inside and if he ain't dead we'll shoot him some more."

Am Jur 2d, Homicide §§ 439, 554.

**2. Criminal Law § 1238 (NCI4th)— mitigating factor of strong provocation—evidence of cooling off period**

Strong provocation may be found to mitigate the offense where defendant acted in the "heat of passion" other than that arising as a result of a direct challenge or threat by the victim; however, defendant in this case failed to show strong provocation where the evidence tended to show that he did not go to the home of the victim until the morning after he was told that the victim had molested his daughter; he thus had a cooling off period; and his actions were more consistent with a prior determination to seek out a confrontation rather than a state of passion placing him beyond control of his reason. N.C.G.S. § 15A-1340.4(a)(2)i.

Am Jur 2d, Homicide §§ 62, 69.

STATE v. FOSTER

[101 N.C. App. 153 (1990)]

3. **Criminal Law § 1081 (NCI4th) — mitigating factors outweighed by one aggravating factor — no error**

In a prosecution of defendant for the second degree murder of a man who allegedly molested defendant's daughter, the trial court did not err in finding that the aggravating factor of premeditation and deliberation outweighed the mitigating factors of no criminal record, voluntary acknowledgment of wrongdoing at an early stage, honorable discharge from the armed services, good reputation in the community, and mental or emotional condition which was insufficient to cause the offenses but which may have contributed to defendant's actions.

**Am Jur 2d, Criminal Law §§ 598, 599; Homicide §§ 290, 554.**

APPEAL by defendant from judgment entered 2 December 1988 by *Judge John M. Gardner* in CLEVELAND County Superior Court. Heard in the Court of Appeals 28 September 1990.

*Lacy H. Thornburg, Attorney General, by James Peeler Smith, Special Deputy Attorney General, for the State.*

*Lamb Law Offices, P.A., by William E. Lamb, Jr., for defendant-appellant.*

GREENE, Judge.

The defendant entered a plea of guilty to murder in the second degree on 2 December 1988. A sentencing hearing was held and judgment was entered the same day. The trial court sentenced the defendant to fifty years imprisonment. The defendant appeals.

The evidence from the sentencing hearing tends to show that on 26 July 1988, the defendant was interviewed by Detective Luckadoo of the Cleveland County Sheriff's office regarding allegations that the defendant had molested his own daughter. Later the same day, the defendant received information that his wife's brother-in-law, Howard Champion, was the one who had molested the defendant's daughter. The defendant's wife and other family members were aware that the defendant's daughter had been molested by Champion, but the defendant knew nothing of it until 26 July 1988.

The following morning, the defendant tried to call Detective Luckadoo but he was unavailable. A short time later, the defendant went to Champion's home, taking with him a .22-caliber pistol.

## STATE v. FOSTER

[101 N.C. App. 153 (1990)]

When the defendant arrived at Champion's home, he found Champion's wife unloading groceries from her car. The defendant told her he wanted to talk to Champion. Mrs. Champion called her husband who was in the bedroom asleep. The defendant waited about five or ten minutes and Champion came out to the living room where the defendant was waiting and sat down on the couch.

In his statement to the police, the defendant stated that when Champion entered the living room, he confronted Champion about molesting his daughter and that Champion denied it. While the defendant was talking to Champion he saw a photograph of Champion holding the defendant's daughter in his lap. Suddenly, Champion jumped up from the couch and told the defendant he was getting tired of him. The defendant pulled his gun from his pocket and shot Champion in the chest. Champion's wife began screaming, asking the defendant not to shoot Champion because Champion did not mean to hurt the defendant's daughter. The defendant then fired the remaining five rounds in the pistol, shooting Champion in the head.

At the sentencing hearing, Champion's wife testified that she and Champion entered the living room together that morning and Champion sat down on the couch. Mrs. Champion turned and saw the defendant holding the gun in his hand. The defendant then told Champion to tell his wife what he had done to the defendant's daughter. Champion denied doing anything. Mrs. Champion started to leave the room, but the defendant pointed his gun at her and told her to sit down. The defendant then said, "I've been to Social Services and they . . . and I just can't take anymore. Bad mother. . . ." At that point, the defendant shot Champion. Mrs. Champion began screaming for the defendant to stop. She stated that every time the defendant pulled the trigger he said, "Bad boy. Bad boy." Just before the defendant fired the last shot, Mrs. Champion screamed for him to stop, telling the defendant that Champion was dead. The defendant said "he ain't either" and fired the last shot. The defendant then told Mrs. Champion she could go outside. Once outside, Mrs. Champion asked the defendant to "just let me go down there," referring to the home of one of her relatives. The defendant said, "No, come on, let's go back in and if he ain't dead we'll shoot him some more."

At the conclusion of the sentencing hearing, the trial court found as statutory mitigating factors (1) that the defendant had

no criminal record; (2) that the defendant voluntarily acknowledged wrongdoing to a law enforcement officer at an early stage; (3) that the defendant had been honorably discharged from the armed services; and (4) that the defendant was a person of good reputation in his community. The trial court found as a nonstatutory mitigating factor that the defendant suffered from a mental or emotional condition that was insufficient to cause the offense but which may have contributed to the defendant's actions. The court found as the sole aggravating factor the nonstatutory factor that the defendant had specific intent to kill after premeditation and deliberation. The court then found that the aggravating factor outweighed the mitigating factors, and imposed the sentence from which the defendant appeals.

---

The issues are: (I) whether the trial court's finding of premeditation and deliberation as an aggravating factor is supported by the evidence; (II) whether the court erred by failing to find as a mitigating factor that the defendant acted under strong provocation; and (III) whether the court erred by finding that the aggravating factor outweighed the mitigating factors.

We first note that the defendant has provided in the record only one assignment of error for his three arguments, and that the one assignment of error is defective in that it does not state the "legal basis upon which error is assigned." N.C.R. App. P. 10(c)(1). However, we choose to suspend the rules as provided by N.C.R. App. P. 2, and address the defendant's arguments.

I

[1] The defendant first concedes that premeditation and deliberation is a proper nonstatutory aggravating factor where the defendant pleads guilty to murder in the second degree. *See State v. Melton*, 307 N.C. 370, 298 S.E.2d 673 (1983). However, the defendant contends that there was insufficient evidence to support such a finding in this case. We disagree.

The State has the burden of proving by a preponderance of the evidence the existence of an aggravating factor. *State v. Thompson*, 318 N.C. 395, 348 S.E.2d 798 (1986). Premeditation and deliberation must usually be established by circumstantial evidence. *State v. Lloyd*, 89 N.C. App. 630, 636, 366 S.E.2d 912, 916, *disc. rev. denied*, 322 N.C. 483, 370 S.E.2d 231 (1988). Our Supreme

Court has found that the circumstances which tend to establish premeditation and deliberation include:

> (1) want of provocation on the part of the deceased; (2) the conduct and statements of the defendant before and after the killing; (3) threats and declarations of the defendant before and during the course of the occurrence giving rise to the death of the deceased; (4) ill-will or previous difficulty between the parties; (5) the dealing of lethal blows after the deceased has been felled and rendered helpless; and (6) evidence that the killing was done in a brutal manner.

*Id.* (quoting *State v. Gladden*, 315 N.C. 398, 430-31, 340 S.E.2d 673, 693 (1986)).

The Court has also held that the nature and number of the victim's wounds may infer premeditation and deliberation. *State v. Carter*, 318 N.C. 487, 491, 349 S.E.2d 580, 582 (1986).

In the present case, the defendant went to Champion's home, armed with a loaded .22-caliber pistol, on the morning after being told that Champion had molested the defendant's daughter. There was evidence that the defendant refused to allow Mrs. Champion to leave the living room. With her still in the room, the defendant shot Champion one time in the chest. He proceeded to fire the pistol five more times, shooting Champion in the head. Before firing the last shot, Mrs. Champion pleaded with the defendant to stop shooting because Champion was already dead. The defendant refused to believe her and fired the last shot into Champion's head. Once the defendant and Mrs. Champion were outside, the defendant said "let's go back inside and if he ain't dead we'll shoot him some more."

We conclude that the defendant's conduct and statements, as well as the number and nature of the wounds inflicted, establishes circumstances from which the trial court could find that the defendant committed the offense after premeditation and deliberation.

## II

[2] The defendant next argues that the court erred by failing to find as a statutory mitigating factor that the defendant acted under strong provocation. N.C.G.S. § 15A-1340.4(a)(2)i (1988) (providing as a mitigating factor that the "defendant acted under strong provocation . . ."). The defendant contends he was provoked by

receiving information that Champion had molested the defendant's daughter.

The State argues that in order to support a finding of provocation, there must be a showing that the defendant was threatened or challenged by the victim. *See State v. Faison*, 90 N.C. App. 237, 368 S.E.2d 28 (1988); *State v. Braswell*, 78 N.C. App. 498, 337 S.E.2d 637 (1985); *State v. Bare*, 77 N.C. App. 516, 335 S.E.2d 748 (1985), *disc. rev. denied*, 315 N.C. 392, 338 S.E.2d 881 (1986); *State v. Benfield*, 76 N.C. App. 453, 333 S.E.2d 753 (1985); *State v. Puckett*, 66 N.C. App. 600, 312 S.E.2d 207 (1984). The defendant concedes that he was never threatened or challenged by the victim in this case, but instead argues that "provocation" should be expanded to include an offense committed in the heat of passion. The defendant further argues that "heat of passion" means that the defendant's state of mind was so violent as to overcome his reason such that he could not think to the extent necessary to form a deliberate purpose and control his actions. *See State v. Pope*, 24 N.C. App. 217, 210 S.E.2d 267 (1974), *cert. denied*, 286 N.C. 419, 211 S.E.2d 799 (1975). The defendant concludes that he possessed such a state of mind at the time he killed Champion because of the information he received to the effect that Champion molested the defendant's daughter.

There are cases which suggest that provocation, for purposes of sentencing, is not limited to situations where the victim threatened or challenged the defendant before the defendant committed the offense. In *State v. Cameron*, 314 N.C. 516, 335 S.E.2d 9 (1985), the trial court failed to find as a mitigating factor that the defendant acted under strong provocation where the defendant pled guilty to murder in the second degree for killing a man he had mistaken for his wife's alleged paramour. The defendant made no contention that the victim threatened or challenged him in any way. The Supreme Court upheld the trial court on this issue. However, the Court's holding was based on the presence of conflicting evidence. The Court did not conclude that there must be an actual threat or challenge to the defendant. Similarly, in *State v. Watson*, 311 N.C. 252, 316 S.E.2d 293 (1984), the trial court failed to find provocation as a mitigating factor where the defendant murdered his wife after learning that she was leaving him and upon finding evidence that someone had been visiting his wife at home that same day. The Supreme Court upheld the trial court, finding insufficient evidence to prove by a preponderance of the evidence that the

defendant acted under strong provocation. Again, however, the Court did not dismiss the argument based on a holding that provocation is limited to a threat or challenge by the victim. Thus, strong provocation may be found to mitigate the offense where the defendant acted in the "heat of passion" other than that arising as a result of a direct challenge or threat by the victim.

However, provocation will not be found where the defendant had time for a "cooling of the blood." In *State v. Highsmith*, 74 N.C. App. 96, 327 S.E.2d 628, *disc. rev. denied*, 314 N.C. 119, 332 S.E.2d 486 (1985), this Court held that the defendant failed to show that he acted under strong provocation where he was originally threatened by the victim, but then walked six blocks to his residence, obtained a shotgun and shells, then, approximately twenty minutes later, returned to the vicinity where the original altercation with the victim had occurred and assaulted the victim. In *State v. Faison*, 90 N.C. App. 237, 368 S.E.2d 28 (1988), this Court held that the evidence did not compel a finding of provocation where the defendant first confronted the victim at work, then the defendant walked out to his car, obtained a rifle, returned and shot the victim numerous times. In *State v. Canty*, 321 N.C. 520, 364 S.E.2d 410 (1988), the Supreme Court upheld a finding of no provocation by the trial court where the victim stabbed the defendant and then threatened the defendant when he was released from the hospital, and where the defendant killed the victim forty-eight hours after this initial altercation.

In the present case, the defendant confronted the victim the day after the defendant received the information that the victim had molested the defendant's daughter. The defendant's actions on the day he killed the victim were "more consistent with a prior determination to seek out a confrontation rather than a state of passion without time to cool placing defendant beyond control of his reason." *Highsmith* at 100-101, 327 S.E.2d at 631. Assuming, *arguendo*, that the defendant was "provoked" as that term is used in the statute, we find that the lapse of time between the provocation and the defendant's actions tends to contradict the defendant's contention that he acted under strong provocation. The trial court's failure to find a mitigating factor will not be overturned on appeal unless the evidence in support of the factor is uncontradicted, substantial, and there is no reason to doubt its credibility. *State v. Lane*, 77 N.C. App. 741, 336 S.E.2d 410 (1985). Accordingly,

we find no error in the court's failure to find the mitigating factor of strong provocation.

## III

[3]   The defendant's final argument is that the trial court erred by finding that the aggravating factor outweighed the mitigating factors. However, the defendant rests this argument primarily on the alleged errors addressed above. The defendant contends that, by erroneously finding the aggravating factor of premeditation and deliberation and by erroneously failing to find the mitigating factor of strong provocation, the court's weighing of the factors was tainted. Since we find no error in the trial court's findings with respect to aggravating and mitigating factors, we find no error in the court's finding that the aggravating factor outweighs the mitigating factor.

Affirmed.

Judges Orr and Duncan concur.

Judge Duncan concurred in this opinion prior to 30 November 1990.