STATE OF NORTH CAROLINA v. ANDY LAMONT DEESE

No. COA96-1310

(Filed 21 October 1997)

**1. Criminal Law § 906 (NCI4th Rev.)— failure to instruct— entire charge not in record—alleged error not considered**

The Court of Appeals could not consider alleged errors in the trial court's failure to give certain instructions where the record did not contain a transcript of the entire jury charge. N.C. R. App. P. 9(a)(3)(f).

**2. Criminal Law § 1097 (NCI4th Rev.)— structured sentencing—mitigating factor—strong provocation—finding not required**

The trial court did not err by failing to consider the statutory mitigating factor of strong provocation in sentencing defendant for second-degree murder where the evidence showed that after the initial confrontation in which defendant was threatened and challenged by the victim, defendant went inside his apartment, retrieved his shotgun, and returned to his front porch; the victim had abandoned the confrontation when defendant challenged him to resume his threats; and it was defendant who provoked the final confrontation resulting in the victim's death. N.C.G.S. § 15A-1340.16(e)(8).

**3. Criminal Law § 1095 (NCI4th Rev.)— structured sentencing—advanced age of victim—not proper aggravating factor**

The trial court erred by finding the statutory aggravating factor that the victim was "very old" in sentencing defendant for second-degree murder where evidence that the victim was seventy-three years old did not establish that he was more vulnerable to being mortally wounded by a twelve-gauge shotgun than a young person would have been, and there was no evidence suggesting that defendant took advantage of the victim's advanced years. N.C.G.S. § 15A-1340.16(d)(11).

Appeal by defendant from judgment entered 17 July 1996 by Judge Thomas W. Seay, Jr. in Rowan County Superior Court. Heard in the Court of Appeals 19 August 1997.

**STATE v. DEESE**

[127 N.C. App. 536 (1997)]

*Attorney General Michael F. Easley, by Assistant Attorney General H. Alan Pell, for the State.*

*Inge, Doran & Shelby, P.A., by Robert L. Inge, for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Defendant Andy Lamont Deese appeals from his conviction of second degree murder and his sentence to an aggravated term of imprisonment. For the reasons set forth below, we ascertain no error at trial but remand for a new sentencing hearing consistent with this opinion.

At trial, the evidence tended to show the following: On 4 December 1995, defendant shot and killed Owen Leviner, Sr. following a long, tempestuous landlord-tenant dispute. Leviner was the seventy-three-year-old owner of an eight-unit apartment complex in Salisbury, North Carolina, in which defendant resided. A few months prior to the shooting, Leviner obtained a judgment evicting defendant and two other tenants, which they appealed. While their appeal was pending, however, Leviner informed all of his tenants that he was closing the complex for repairs on 1 December 1995. He directed them to vacate their apartments by that date, because he was having all of the utilities disconnected.

On the morning of 4 December 1995, Leviner drove to the well house in front of defendant's apartment to check the water meter. The seal on the meter had been broken and the water had been reconnected. Defendant was still residing in his apartment and heard Leviner at the meter. Defendant went out onto the front porch to confront Leviner, and as they had many times previously, the two men began to quarrel. The argument intensified, and Leviner threatened to "beat [defendant's] ass" with a metal cane. As Leviner approached the porch, defendant ran into the apartment to retrieve a twelve-gauge shotgun.

The shotgun was loaded and was located inside the apartment, approximately eighteen and one-half feet from the front door. By the time defendant returned to the porch, Leviner had begun to walk toward his car. Defendant shouted at him, "Now threaten me!" Leviner turned around, the argument resumed, and he again advanced toward defendant with the cane raised to strike. As Leviner approached, defendant backed away. Then, when the distance

between them closed to approximately three feet, defendant raised the shotgun, cocked it, and fatally shot Leviner in the chest.

At the sentencing hearing, the trial court found one aggravating and no mitigating factors and determined that defendant's prior record level was Level II. Hence, the court sentenced defendant to a term of imprisonment of not less than 237 months and not more than 294 months, which exceeded the presumptive range. Defendant appeals.

On appeal, defendant contends that the court erred as follows: (1) in failing to instruct the jury that a cane is a deadly weapon; (2) in failing to instruct the jury that "if a person is attacked in their [sic] own dwelling, home, place of business, or on his own premises, and is also free from fault in bringing on the difficulty, that he is under no duty to retreat, whether the assailant is employing deadly or non-deadly force"; (3) in failing to find that defendant acted under strong provocation as a factor in mitigation of his sentence; and (4) in finding that the victim's elderly age was a factor in aggravation of defendant's sentence. We now address these arguments in order.

[1] By his first and second assignments of error, defendant challenges the trial court's charge to the jury. Pursuant to Rule 9(a)(3)(f) of the North Carolina Rules of Appellate Procedure, "[t]he record on appeal in criminal actions shall contain: . . . where error is assigned to the giving or omission of instructions to the jury, a transcript of the entire charge given." N.C.R. App. P. 9(a)(3)(f); *see also* N.C.R. App. P. 9(c). "A reviewing court will not consider alleged errors in selected portions of a charge when the entire charge is not before it." *State v. Harrell*, 50 N.C. App. 531, 535, 274 S.E.2d 353, 355-56 (1981) (citing *State v. Young*, 11 N.C. App. 145, 180 S.E.2d 322 (1971)). In the present case, the record does not contain a transcript of the entire jury charge. In fact, no part of the court's instructions is included in the record. Therefore, we are unable to determine whether when taken as a contextual whole, the instructions given to the jury fairly and accurately set forth the essential elements of the offenses and defenses warranted by the evidence. *See State v. Batts*, 303 N.C. 155, 162, 277 S.E.2d 385, 390 (1981). Consequently, these assignments of error are overruled.

[2] Next, defendant contends that the trial court erred in failing to find any factor in mitigation of his sentence. Notably, defendant did not offer any evidence at the sentencing hearing, nor did he urge the court to consider a particular mitigating factor. Still, on appeal, defendant argues that the evidence presented at trial pertaining to

the circumstances of the shooting compel a finding that he acted under strong provocation. We cannot agree.

In imposing a prison term, the sentencing court must consider any aggravating and mitigating factors that are proved by a preponderance of the evidence. N.C. Gen. Stat. § 15A-1340.16(a) (Cum. Supp. 1996). A defendant who seeks a sentence in the mitigated range bears the burden of persuading the court that mitigating factors exist. *State v. Jones*, 309 N.C. 214, 219, 306 S.E.2d 451, 455 (1983). Thus, where the defendant contends that the trial court erred in failing to find a mitigating factor established by uncontradicted evidence, his position is analogous to that of a party seeking a directed verdict. *Id.* In other words, "[h]e is asking the court to conclude that 'the evidence so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn,' and that the credibility of the evidence 'is manifest as a matter of law.' " *Id.* at 219-20, 306 S.E.2d at 455.

If the defendant definitively proves that he acted under circumstances constituting strong provocation, the trial court must consider this factor in mitigation of his or her sentence. N.C.G.S. § 15A-1340.16 (e)(8). "The legislature has provided this statutory mitigating factor to reduce a defendant's culpability when circumstances exist that 'morally shift part of the fault for a crime from the criminal to the victim.' " *State v. Canty*, 321 N.C. 520, 525, 364 S.E.2d 410, 414 (1988) (quoting *State v. Martin*, 68 N.C. App. 272, 276, 314 S.E.2d 805, 807 (1984)). Hence, evidence tending to show that the victim threatened or challenged the defendant is relevant in determining the existence of provocation. *State v. Faison*, 90 N.C. App. 237, 368 S.E.2d 28 (1988); *See State v. Braswell*, 78 N.C. App. 498, 337 S.E.2d 637 (1985). However, the court is not obliged to find provocation when the defendant had time or opportunity to "cool his blood." *State v. Foster*, 101 N.C. App. 153, 159, 398 S.E.2d 664, 668 (1990). For instance, in *State v. Highsmith*, 74 N.C. App. 96, 327 S.E.2d 628, *disc. review denied*, 314 N.C. 119, 332 S.E.2d 486 (1985), this Court found no error in the trial court's failure to consider the mitigating factor of strong provocation, stating that,

> returning to the vicinity of the original fight manifest[s] actions more consistent with a prior determination to seek out a confrontation rather than a state of passion without time to cool placing defendant beyond control of his reason.

*Id.* at 100-01, 327 S.E.2d at 631; *see also Faison*, 90 N.C. App. 237, 368 S.E.2d 28 (holding that evidence failed to establish strong provoca-

tion where after the original altercation, defendant left the building, walked to his car to obtain a rifle, and then returned to the building to shoot the victim).

In the instant action, the evidence showed that after the initial confrontation with Leviner, defendant went inside his apartment and retrieved his shotgun, having covered a total distance of approximately thirty-seven feet before he returned to the front porch. Additionally, Leviner had apparently abandoned the confrontation when defendant challenged him to resume his threats. Inasmuch as it was defendant who provoked the final face-off resulting in Leviner's death, we ascertain no error in the trial court's failure to consider the mitigating factor of strong provocation.

[3] With his final assignment, defendant argues that the trial court erred in finding as an aggravating factor that the victim was "very old." We agree.

When a defendant assigns error to the sentence imposed by the trial court, our standard of review is "whether [the] sentence is supported by evidence introduced at the trial and sentencing hearing." N.C. Gen. Stat. § 15A-1444(a1) (Cum. Supp. 1996). Under the Fair Sentencing Act, the trial court may find as a factor in aggravation of the defendant's sentence that "[t]he victim was very young, or very old, or mentally or physically infirm." N.C.G.S. § 15A-1340.16 (d)(11). The policy underlying this aggravating factor is to deter wrongdoers from taking advantage of a victim because of his age or mental or physical infirmity. *State v. Rios*, 322 N.C. 596, 599, 369 S.E.2d 576, 578 (1988).

> "There are at least two ways in which a defendant may take advantage of the age of his victim. First, he may 'target' the victim because of the victim's age, knowing that his chances of success are greater where the victim is very young or very old. Or the defendant may take advantage of the victim's age during the actual commission of a crime against the person of the victim, or in the victim's presence, knowing that the victim, by reason of age, is unlikely to effectively intervene or defend himself. In either case, the defendant's culpability is increased."

*Id.* (quoting *State v. Thompson*, 318 N.C. 395, 398, 348 S.E.2d 798, 800 (1986)). Clearly, vulnerability due to the victim's age is the concern addressed by this aggravating factor. *State v. Ahearn*, 307 N.C. 584, 603, 300 S.E.2d 689, 701 (1983). Thus, the issue before the trial court

STATE v. DEESE

[127 N.C. App. 536 (1997)]

must be whether the victim, by reason of his years, was more vulnerable to the assault committed against him than he otherwise would have been. As our Supreme Court explained in *State v. Hines*, 314 N.C. 522, 335 S.E.2d 6 (1985),

> Age should not be considered as an aggravating factor in sentencing unless it makes the defendant more blameworthy than he or she already is as a result of committing a violent crime against another person. A victim's age does not make a defendant more blameworthy unless the victim's age causes the victim to be more vulnerable than he or she otherwise would be to the crime committed against him or her, as where age impedes a victim from fleeing, fending off attack, recovering from its effects, or otherwise avoiding being victimized. Unless age has such an effect, it is not an aggravating factor under the Fair Sentencing Act.

*Id.* at 525, 335 S.E.2d at 8 (citations omitted).

At the sentencing hearing, the prosecution asked the court, based on the fact that Leviner was seventy-three years of age, to find the statutory aggravating factor that the victim was very old. Leviner's age, however, by itself, does not establish that he was more vulnerable to being mortally wounded by a twelve-gauge shot gun than a younger person would have been. *See Id.* at 526, 335 S.E.2d at 8. Furthermore, although there was evidence offered at trial that, due to neck injuries sustained in an automobile accident, Leviner occasionally used a walking cane, "that disability was not age-related." *Id.* Thus, since the record is devoid of any evidence suggesting that defendant took advantage of Leviner's advanced years, we determine that the trial court erred in finding this aggravating factor. Hence, we remand this matter for resentencing.

For the foregoing reasons, this case is remanded to the superior court for a new sentencing hearing to be conducted consistent with this opinion.

Remanded for a new sentencing hearing.

Judges EAGLES and MARTIN, John C., concur.