STATE OF NORTH CAROLINA v. ROBERT CHARLES POSTON, Defendant

No. COA02-1745

(Filed 17 February 2004)

**1. Sexual Offenses— first-degree—times specified in indictments—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charges of first-degree sexual offense even though defendant contends there was a lack of evidence that the offenses were committed during the periods specified in the indictments, because: (1) the general rule is that where time is not of the essence of the offense charged and the statute of limitations is not involved, a discrepancy between the date alleged in the indictment and the date shown by the State's evidence is ordinarily not fatal; (2) in sexual abuse cases involving young

children, some leniency surrounding the child's memory of specific dates is allowed; (3) defendant did not assert an alibi defense regarding the dates of the first-degree sexual offenses or rely in any other manner upon the dates in the indictments in preparing his defense; and (4) there was no double jeopardy concern when the number of first-degree sexual offense incidents corresponded to the number of indictments issued and the evidence supported the contention that the jury was careful in distinguishing among dates.

## 2. Sentencing— Fair Sentencing Act—Structured Sentencing Act—first-degree sexual offense—indecent liberties

Defendants' consolidated sentences for two first-degree sexual offenses and indecent liberties are vacated, and 00 CRS 55038 is remanded for resentencing under the Structured Sentencing Act whereas 00 CRS 55036 is remanded for resentencing in accord with the Fair Sentencing Act, because the evidence introduced at trial and during the sentencing hearing was insufficient to permit the trial court to sentence defendant for the 1994 first-degree sexual offense under the Fair Sentencing Act when testimony that the incident occurred when the victim was around seven, a time frame arguably covering more than a year with the critical date at its center, supports only a suspicion or conjecture that the crime occurred prior to 1 October 1994.

## 3. Criminal Law— jury request for portion of transcript— improper emphasis on one portion of evidence

The trial court did not abuse its discretion in a first-degree statutory sexual offense and indecent liberties case by denying the jury's request that it be read a portion of the transcript of defendant's testimony, because the trial court expressed a legitimate concern that allowing the jury to hear defendant's testimony, but not his wife's, would improperly emphasize one portion of the evidence over another. N.C.G.S. § 15A-1233(a).

Appeal by defendant from amended judgments entered 21 February 2002 by Judge W. Robert Bell in Cleveland County Superior Court. Heard in the Court of Appeals 27 October 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Anne M. Middleton, for the State.*

*Daniel Shatz, for defendant-appellant.*

STATE v. POSTON

[162 N.C. App. 642 (2004)]

GEER, Judge.

Defendant Robert Charles Poston appeals from two first degree statutory sexual offense convictions (based on events allegedly occurring in 1994 and 1997) and one conviction of committing indecent liberties. We affirm defendant's convictions, but reverse defendant's sentence as to the 1994 first degree sexual offense because the State failed to establish that the incident occurred prior to 1 October 1994 and thus failed to establish that defendant should be sentenced under the Fair Sentencing Act (in effect only until 1 October 1994) as opposed to the currently applicable Structured Sentencing Act.

## Facts

Both the State and defendant offered evidence. The State called as witnesses the victim H.P.; H.P.'s mother and defendant's former wife, Patricia Welch; Detective Beaver, who had taken statements from H.P. and her mother; and Dr. Christopher Cerjan, who had examined and interviewed H.P. Defendant testified on his own behalf, recalled Ms. Welch as a witness, and offered the testimony of three character witnesses.

The evidence viewed in the light most favorable to the State tended to show the following. H.P. lived with her mother and defendant (who was her father) at three different locations. Until she was age seven, they lived on Artree Road; from age seven until age ten, they lived at Juniper Terrace; from sometime in 1997 until August 1999, they lived on Padgett Road; and from August 1999 through October 1999, they lived on Gaffney Road. The transcript does not reveal H.P.'s date of birth, but the record on appeal states: "Although it is unclear from the transcript, [H.P.]'s date of birth, as established by the documentary evidence[,] is October 8, 1987."

H.P. testified that when she was living on Artree Road, at "[a]round 5 or 6" years of age, defendant on one occasion touched her breasts and between her legs. H.P. testified that when she was "[a]round seven" and living at Juniper Terrace, defendant digitally penetrated her. H.P. also testified about three separate occasions on which defendant forced her to squeeze his penis. Detective Beaver testified that H.P. had told him about a second instance in which defendant digitally penetrated her.

After H.P. moved to Padgett Road (when she was age ten or eleven), defendant engaged in sexual intercourse with her and then inserted his tongue in her vagina. She testified about a subsequent

**STATE v. POSTON**

[162 N.C. App. 642 (2004)]

second instance of sexual intercourse also when she was "[a]round 10." Detective Beaver testified that H.P. reported to him that defendant had, on other subsequent occasions at Padgett Road, squeezed her breast, digitally penetrated her, and performed cunnilingus.

H.P. testified that defendant again engaged in sexual intercourse with her after they moved to Gaffney Road in August 1999. Her parents subsequently separated, but she and her brothers visited defendant at his apartment. H.P. testified that one day in January 2000, H.P., her brothers, and defendant were all lying on the same bed in defendant's apartment. Defendant touched her on top of her clothes.

Detective Beaver testified, without any objection or limiting instruction, about H.P.'s statements to him. He confirmed that H.P. had told him about some of the incidents to which she testified and that she had reported to him some additional events to which she did not testify at trial.

Dr. Cerjan, a pediatrician, was accepted by the trial court as an expert in pediatrics and child sexual abuse. Dr. Cerjan took a history from H.P. and performed a full physical examination. Dr. Cerjan testified, without any objection or limiting instruction, that H.P. had told him about the incident at Artree Road when she was age five, about two incidents "[a]round age 7" when defendant forced her to touch his "privates," about two incidents of sexual intercourse (one at Padgett Road and one at Gaffney Road), and about defendant's touching her in January 2000. During the physical examination, Dr. Cerjan observed: "She had some tissue where the skin around her privates was somewhat thickened and what we would call redundant. On closer examination, her hymen was missing on the right side with some irregular borders of the hymen that was from about 4 to 6 o'clock." Dr. Cerjan expressed his opinion, without any objection, that H.P. had been sexually abused with some form of penetration.

Defendant was originally indicted on fifteen separate charges arising out of the alleged sexual abuse of his daughter H.P. from 1993 through January 2000. At the close of the State's evidence, the State dismissed three charges of first degree sexual offense and six charges of indecent liberties with a child. Two charges of rape, two charges of first degree sexual offense, and two charges of indecent liberties were submitted to the jury. The jury acquitted defendant of both rape charges and one indecent liberties charge. It convicted him of both charges of first degree sexual offense (alleged in the indictments as occurring between 1 June 1994 and 31 July 1994 and between 8

October 1997 and 16 October 1997) and the remaining indecent liberties charge (alleged in the indictment as occurring between 1 May 1993 and 31 December 1993).

The trial court initially sentenced defendant to a consolidated sentence of 230 to 285 months in accordance with the Structured Sentencing Act. *See* N.C. Gen. Stat. § 15A-1340.17(c), (e) (2003). Approximately three and a half months later, the State moved to resentence defendant on the grounds that the indecent liberties conviction and one of the first degree sexual offense convictions were based on events occurring before the Structured Sentencing Act went into effect on 1 October 1994. *See* N.C. Gen. Stat. § 15A-1340.10 (2003). The State argued that as to these two convictions, defendant should instead have been sentenced under the Fair Sentencing Act as in effect prior to 1 October 1994. *See* N.C. Gen. Stat. § 14-1.1(a)(2) (1993) (repealed 1993 N.C. Sess. Laws ch. 538, § 2). The court granted the State's motion and entered an amended judgment, consolidating the indecent liberties conviction and the first degree sexual offense conviction based on the 1994 acts, and imposing a life sentence. The court also imposed a concurrent sentence of 230 months to 285 months for the second first degree sexual offense conviction.

I

[1] Defendant argues first that the trial court erred in denying his motion to dismiss the charges of first degree sexual offense. A trial court properly denies a defendant's motion to dismiss "[i]f there is substantial evidence—whether direct, circumstantial, or both—to support a finding that the offense charged has been committed and that the defendant committed it . . . ." *State v. Locklear*, 322 N.C. 349, 358, 368 S.E.2d 377, 383 (1988). "Substantial" evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Vick*, 341 N.C. 569, 583-84, 461 S.E.2d 655, 663 (1995). If, however, the evidence "is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the perpetrator, the motion to dismiss should be allowed. This is true even though the suspicion is strong." *State v. Alston*, 310 N.C. 399, 404, 312 S.E.2d 470, 473 (1984) (citations omitted). The evidence must be viewed in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn from it. *Locklear*, 322 N.C. at 358, 368 S.E.2d at 382.

Defendant does not contend that the record lacks substantial evidence that he committed the offenses, but rather argues that dis-

missal was appropriate because of a lack of evidence that the offenses were committed during the periods specified in the indictments. While an indictment must include a designated date or period of time within which it alleges the offense occurred, N.C. Gen. Stat. § 15A-924(a)(4) (2003), our courts have recognized the general rule that "[w]here time is not of the essence of the offense charged and the statute of limitations is not involved, a discrepancy between the date alleged in the indictment and the date shown by the State's evidence is ordinarily not fatal." *State v. Locklear*, 33 N.C. App. 647, 653-54, 236 S.E.2d 376, 380, *disc. review denied*, 293 N.C. 363, 237 S.E.2d 851 (1977). Nevertheless, as our Supreme Court has stressed,

> [t]his general rule, which is intended to prevent "a defendant who does not rely on time as a defense from using a discrepancy between the time named in the bill [of indictment] and the time shown by the evidence for the State, cannot be used to ensnare a defendant and thereby deprive him of an opportunity to adequately present his defense."

*State v. Stewart*, 353 N.C. 516, 518, 546 S.E.2d 568, 569 (2001) (quoting *State v. Whittemore*, 255 N.C. 583, 592, 122 S.E.2d 396, 403 (1961)).

Our courts have also adopted a principle of leniency regarding dates when the case involves a child's testimony. The Supreme Court explained in *Stewart*, 353 N.C. at 518, 546 S.E.2d at 569 (citations and internal quotation marks omitted), "[i]n sexual abuse cases involving young children, some leniency surrounding the child's memory of specific dates is allowed. Unless the defendant demonstrates that he was deprived of his defense because of lack of specificity, this policy of leniency governs."

A. Application of the General Rule

Indictment 00 CRS 55038 charged defendant with first degree sexual offense and alleged that the acts took place during the period 1 June 1994 through 31 July 1994. At trial, H.P. testified that the incident occurred when she was "[a]round seven" while she was living at Juniper Terrace, her residence from age seven until she was approximately age ten. Detective Beaver testified that H.P. had told him that the incident occurred when she "was seven years old." H.P. turned seven years old on 8 October 1994.

Indictment 00 CRS 55042 alleged the occurrence of a first degree sexual offense between 8 October 1997 and 16 October 1997. The par-

ties agree that this instance of first degree sexual offense occurred at the same time as the first alleged rapé. The victim H.P. testified that it occurred when she was "[a]round 10" and maybe at age eleven, while the family was living at Padgett Road. H.P. turned ten on 8 October 1997. Defendant testified that they lived at Padgett Road from 1997 until August 1999.

Defendant did not assert an alibi defense regarding the dates of the first degree sexual offenses or rely in any other manner upon the dates in the indictments in preparing his defense. Under the general rule, any variance between the dates in the indictments and the evidence would, therefore, not be material. *Stewart*, 353 N.C. at 518, 546 S.E.2d at 569. Moreover, this Court has already held that evidence comparable to that presented in this case is sufficient given the principle of leniency for child witnesses in sexual abuse cases. *State v. Blackmon*, 130 N.C. App. 692, 697, 507 S.E.2d 42, 46 (when date of offense was not material, testimony of minor child that sexual acts "occurred when she was seven years old and that some of those acts happened when it was cold outside and some when it was warm outside" was sufficient for an indictment specifying the time frame of 1 January 1994 through 12 September 1994), *cert. denied*, 349 N.C. 531, 526 S.E.2d 470 (1998).

Defendant argues, however, that the dates of the offenses are material because of the effect of the Double Jeopardy Clause and, as to indictment 00 CRS 55038, because of the need to determine whether defendant should be sentenced under the Fair Sentencing Act or the Structured Sentencing Act. We consider these arguments separately.

B. Double Jeopardy

Defendant contends that the State's dismissal of nine of the fifteen indictments made the dates of the offenses material. According to defendant, unless the date alleged in the indictment is deemed material, the jury could have convicted him of an offense already dismissed in violation of the Double Jeopardy clause. Defendant is correct that jeopardy attached with respect to the charges dismissed by the State at the close of its evidence. *See State v. Vaughan*, 268 N.C. 105, 107, 150 S.E.2d 31, 32-33 (1966) (jeopardy attaches as soon as a defendant in a criminal prosecution is placed on trial on a valid indictment, before a court of competent jurisdiction, after arraignment, after plea, and when a competent jury has been empaneled and

sworn). We do not, however, believe that this fact requires dismissal of indictments 00 CRS 55038 and 00 CRS 55042.

The State dismissed three first degree sexual offense indictments: 00 CRS 55049 alleging occurrence between 8 October 1994 and 7 October 1995, 00 CRS 55048 alleging occurrence between 1 January 1997 through 7 October 1997, and 00 CRS 55043 alleging occurrence between 1 November 1997 and 31 December 1997. That dismissal left only 00 CRS 55038 alleging occurrence between 1 June 1994 and 31 July 1994 and 00 CRS 55042 alleging occurrence between 8 October 1997 and 16 October 1997.

The evidence reflected five separate incidents amounting to first degree sexual assault. H.P. testified about an initial incident of digital penetration occurring while she lived at Juniper Terrace when she was approximately seven years of age. She testified that when she was living at Padgett Road, there was a second incident of first degree sexual assault involving cunnilingus, which occurred at the same time she was raped. Detective Beaver and Dr. Cerjan provided corroborating testimony regarding the first instance of sexual assault at Juniper Place as well as the rape and cunnilingus at Padgett Road. Detective Beaver, however, also reported a subsequent, separate instance of first degree sexual assault at Juniper Terrace involving digital penetration and two subsequent, separate instances at Padgett Road involving digital penetration and cunnilingus.

In other words, the number of first degree sexual offense incidents corresponded to the number of indictments issued. As a result, the circumstances of this case do not present a double jeopardy concern. If, as the general rule provides, the date of the offense is not material, then the critical issue is whether there is an indictment for each alleged offense. When, as here, there is a corresponding number of indictments and offenses, then double jeopardy would only be a concern if the dates on the indictment were material. Defendant's argument becomes circular.

If, hypothetically, more indictments had been issued than incidents, then defendant's contention might be valid. As Judge McCrodden noted in her concurring opinion in *State v. McKinney*, 110 N.C. App. 365, 375, 430 S.E.2d 300, 306 (McCrodden, J., concurring) (quoting *State v. Wise*, 66 N.C. 120, 124 (1872)), *appeal dismissed and disc. review denied*, 334 N.C. 437, 433 S.E.2d 182 (1993), absent evidence of the same number of incidents as indictments "time would have a 'most important effect upon the punishment,' because

defendant would have received two consecutive [terms of impris-
onment] for identical offenses based upon the same act, in violation
of defendant's Fifth Amendment right not to be twice tried for the
same offense."

With respect to indictment 00 CRS 55042, defendant also argues
that the State dismissed the wrong indictment, pointing to the fact
that the indictment for rape bore the time frame of 1 January 1997
through 7 October 1997, the same period specified in the dismissed
indictment 00 CRS 55048 for first degree sexual offense. The jury's
verdict of not guilty as to that rape charge, however, supports the
State's contention that the jury was careful in distinguishing among
dates. The jury could reasonably conclude, based on the trial court's
instructions, that the State had failed to prove that a rape occurred
during the period 1 January 1997 through 7 October 1997 if it also
concluded that the contemporaneous sexual offense occurred on
another date.

Accordingly, we find that double jeopardy concerns do not, un-
der the circumstances of this case, render the dates of the offenses
material.

C. Fair Sentencing Act

[2] As to indictment 00 CRS 55038, defendant contends that the date
of the offense is material because that date is dispositive in deciding
whether defendant should be sentenced under the Fair Sentencing
Act or the Structured Sentencing Act. Structured sentencing "applies
to criminal offenses in North Carolina . . . that occur on or after
October 1, 1994." N.C. Gen. Stat. § 15A-1340.10. If the offense
occurred prior to 1 October 1994, defendant was required to be sen-
tenced to life in prison as a Class B felon under the Fair Sentencing
Act. On the other hand, if the crime took place on or after 1 October
1994, the trial court was required to sentence defendant as a Class B1
felon to a term of months under the Structured Sentencing Act.

We disagree that this fact rendered the date of the offense ma-
terial for purposes of reviewing defendant's conviction. The date does
not have any bearing on whether or not defendant committed the
offense. Defendant's argument addresses only whether defendant
was properly sentenced.

When a defendant challenges the trial court's sentence, the
"standard of review is 'whether [the] sentence is supported by evi-
dence introduced at the trial and sentencing hearing.' " *State v. Deese,*

127 N.C. App. 536, 540, 491 S.E.2d 682, 685 (1997) (quoting N.C. Gen. Stat. § 15A-1444(a1) (Cum. Supp. 1996)). We hold that the evidence introduced at trial and during the sentencing hearing was insufficient to permit the trial court to sentence defendant under the Fair Sentencing Act. *See State v. Branch*, 134 N.C. App. 637, 639-40, 518 S.E.2d 213, 215 (1999) (trial court was required to apply the Fair Sentencing Act to crimes committed on 19 September 1994 and the Structured Sentencing Act to crimes committed on 4 October 1994 "as a matter of law").

The victim H.P. testified that the incident occurred when she was "[a]round seven"; Detective Beaver testified twice that H.P. reported to him that "at this time [she] was seven years old." The record contains no other evidence as to the date of the occurrence. Since H.P. turned seven years old on 8 October 1994, a week after structured sentencing went into effect, H.P.'s statement to Detective Beaver would indicate that the incident occurred after 1 October 1994. The testimony that it occurred when H.P. was "[a]round seven"—a time frame arguably covering more than a year with the critical date at its center—supports only a suspicion or conjecture that the crime occurred prior to 1 October 1994.

This testimony is not sufficient to meet the State's burden of establishing that defendant should be sentenced under the Fair Sentencing Act. *See United States v. Knowles*, 66 F.3d 1146, 1164 (11th Cir. 1995) (In order for the defendant to be sentenced under the Federal Sentencing Guidelines, in effect for offenses occurring after 1 November 1987, "[t]he government was required to prove that the conspiracy continued after November 1, 1987, and . . . they failed to carry their burden. We therefore vacate the defendants' sentences, and remand for resentencing pursuant to pre-Guidelines law."), *cert. denied sub nom. Wright v. United States*, 517 U.S. 1149, 134 L. Ed. 2d 568, 116 S. Ct. 1449 (1996); *United States v. Harrison*, 942 F.2d 751, 760 (10th Cir. 1991) ("The government simply has not met its burden of establishing that the . . . conspiracy continued past the effective date of the sentencing guidelines."). Because the State has failed to meet its burden of demonstrating that the more severe sentencing statute is applicable, we remand 00 CRS 55038 for resentencing under the Structured Sentencing Act. *See Bell v. United States*, 349 U.S. 81, 83, 99 L. Ed. 905, 910, 75 S. Ct. 620, 622 (1955) ("It may fairly be said to be a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher punishment.").

II

**[3]** As to all three convictions, defendant contends that the trial court erred in denying the jury's request that it be read a portion of the transcript of defendant's testimony. We hold that the trial court did not abuse its discretion.

During deliberations, the jury submitted a request in writing: "Could we have read, to us the transcript when Mr. Poston stated to his wife, that he may have done something to [H.P.] that he should not have done. Or have a copy of his testimony?" In his testimony, Mr. Poston had denied any such statement, but his wife had testified that he told her, "I think I done something to [H.P.] that I shouldn't have done." Counsel for defendant had no objection to submitting Mr. Poston's testimony to the jury, but resisted the State's request that the court also provide the jury with his wife's testimony. The trial court expressed concern about emphasizing one portion of the evidence over another and stated, "In the exercise of my discretion, I'm going to tell them that they need to rely upon their memory of the evidence as presented."

Under N.C. Gen. Stat. § 15A-1233(a) (2003), the decision whether to allow a jury to review trial testimony lies within the discretion of the trial court. This Court reviews the trial court's exercise of discretion to determine whether the ruling " 'was so arbitrary that it could not have been the result of a reasoned decision.' " *State v. Perez*, 135 N.C. App. 543, 555, 522 S.E.2d 102, 110 (1999) (quoting *State v. Dial*, 122 N.C. App. 298, 308, 470 S.E.2d 84, 91, *disc. review denied*, 343 N.C. 754, 473 S.E.2d 620 (1996)), *appeal dismissed and disc. review denied*, 351 N.C. 366, 543 S.E.2d 140 (2000). When, as here, the trial court expressed concern that allowing the jury to hear Mr. Poston's testimony, but not his wife's, would emphasize one portion of the evidence over another, we hold that the trial court did not abuse its discretion. *Id.*

## Conclusion

We affirm defendant's convictions. We vacate defendant's consolidated sentence as to indictments 00 CRS 55036 and 00 CRS 55038 and remand 00 CRS 55036 (indecent liberties) for resentencing in accordance with the Fair Sentencing Act and 00 CRS 55038 (first degree sexual offense) for resentencing in accordance with the Structured Sentencing Act.

No error, vacated and remanded as to 00 CRS 55036 and 00 CRS 55038 for resentencing.

Chief Judge EAGLES concurred prior to 31 January 2004.

Judge HUNTER concurs.