STATE OF NORTH CAROLINA v. GARY LEE LAWRENCE, JR.

No. COA08-320

(Filed 7 October 2008)

**1. Sentencing— Structured Sentencing—use of incorrect sentencing grid**

The trial court erred by sentencing defendant for second-degree sex offenses and second-degree rape with the incorrect sentencing grid under N.C.G.S. § 15A-1340.17 using the grid from Structured Sentencing II instead of Structured Sentencing I, and each of these judgments is vacated and remanded to the trial court for resentencing because the trial court imposed sentences that exceeded the maximum sentences permitted under Structured Sentencing I.

**2. Sentencing— Fair Sentencing Act—clerical error—manifest conflict in judgments**

The trial court erred by incorrectly showing indecent liberties charges as Class F felonies, and defendant is entitled to a new sentencing hearing on these charges, because: (1) while our

courts have held that a trial court may amend the record to correct clerical mistakes, it cannot amend the record to correct a judicial error; (2) under the Fair Sentencing Act, the pertinent offenses were Class H felonies with a maximum punishment of ten years with a presumptive term of three years, whereas a Class F felony carried a maximum punishment of twenty years with a presumptive term of six years; and (3) although the State contends the judgments state Class F felonies but the listed punishment was consistent with Class H rather than Class F felony, thus making it a clerical error, there was a manifest conflict in the judgments when the ten-year sentence imposed would have been proper under either a Class H or Class F felony.

**3. Sentencing— Structured Sentencing Act—classification of felonies**

The trial court did not err by classifying one count of second-degree rape and two counts of second-degree sexual offense as Class C felonies rather than Class D felonies because, effective 1 October 1994, the felony classification of these offenses changed to Class C, the trial testimony of the two victims established that the incidents which were the bases for each of the charges against defendant occurred after 1 October 1994, and this evidence was sufficient to permit the trial court to sentence defendant under the Structured Sentencing Act.

Appeal by defendant from judgments entered 22 June 2006 by Judge Jerry R. Tillett in Camden County Superior Court. Heard in the Court of Appeals 11 September 2008.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Amy C. Kunstling, for the State.*

*Richard E. Jester, for defendant-appellant.*

STEELMAN, Judge.

Where the trial court erred in using the incorrect sentencing grid and misclassified two of the offenses, the judgments are vacated and remanded for resentencing.

## I. Factual and Procedural Background

This is the second occasion that this case has come before the Court of Appeals. In *State v. Lawrence,* 165 N.C. App. 548, 599 S.E.2d 87 (2004), this Court reversed defendant's convictions based upon

lack of juror unanimity. The Supreme Court reversed this decision, *per curiam*, based upon its decision in *State v. Markeith R. Lawrence*, 360 N.C. 368, 627 S.E.2d 609 (2006). *State v. Gary Lawrence*, 360 N.C. 393, 627 S.E.2d 615 (2006). However, the case was remanded for resentencing pursuant to *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). The underlying facts of this case are set forth in our original opinion.

On 22 June 2006, defendant was resentenced on sixteen convictions. From these judgments, defendant appeals.

### Fair Sentencing, Structured Sentencing I, and Structured Sentencing II

The indictments in this case allege offense dates covering a span of time from 1 January 1991 through 31 July 1995. During this period of time, the State of North Carolina made numerous changes to its laws pertaining to the sentencing of criminal defendants convicted of felonies.

Offenses committed prior to 1 October 1994 are controlled by the Fair Sentencing Act. (Article 81A of Chapter 15A of the North Carolina General Statutes). Offenses committed between 1 October 1994 and 1 December 1995 are controlled by the first version of Structured Sentencing. (Article 81B of Chapter 15A; 1993 N.C. Sess. Laws ch. 538, § 1). Offenses committed on or after 1 December 1995 are controlled by the second version of Structured Sentencing. (Article 81B of Chapter 15A, 1995 N.C. Sess. Laws ch. 507, § 19.5).

### II.  Incorrect Sentencing Grid Applied

[1] In his first argument, defendant contends that the trial court sentenced him under the incorrect sentencing grid, N.C. Gen. Stat. § 15A-1340.17, using the grid from Structured Sentencing II instead of Structured Sentencing I. The State concedes, and we agree, that defendant's argument is correct.

When Structured Sentencing I was amended by the General Assembly, the minimum and maximum sentences for Class B2, C, and D felonies were increased. 1995 N.C. Sess. Laws ch. 507, § 19.5. As to the following charges, the trial court imposed sentences that exceeded the maximum sentences permitted under Structured Sentencing I: Pasquotank County case numbers 02 CRS 1331-1335 (Second-degree Sex Offense) and Camden County case numbers 00 CRS 768-70 (Second-degree rape and Second-degree Sex Offense).

The date of each of these offenses was between 1 October 1994 and 1 December 1995.

Each of these judgments is vacated and remanded to the trial court for resentencing.

[2] In his second argument, defendant contends that the judgments for the charges of indecent liberties incorrectly show the offenses to be Class F felonies, and that he is entitled to a new sentencing hearing on these charges. We agree.

"While our courts have held that a trial court may amend the record to correct clerical mistakes, it cannot amend the record to correct a judicial error." *State v. Mead*, 184 N.C. App. 306, 316, 646 S.E.2d 597, 603 (2007) (citation omitted). "Where there has been uncertainty in whether an error was 'clerical,' the appellate courts have opted to 'err on the side of caution and resolve [the discrepancy] in the defendant's favor.'" *State v. Jarman*, 140 N.C. App. 198, 203, 535 S.E.2d 875, 879 (2000) (quotation omitted).

In Currituck County case number 01 CRS 215 and Camden County case number 01 CRS 005, defendant was convicted of two counts of indecent liberties with a child. Each judgment was entered under the Fair Sentencing Act (Article 81A of Chapter 15A of the North Carolina General Statutes), the offenses were shown to be Class F felonies, and defendant was sentenced to an active sentence of ten years. The alleged dates of the two offenses were 1 January 1991 to 11 November 1993 (01 CRS 215) and 11 November 1993 to 11 November 1994 (01 CRS 005). Under the provisions of N.C. Gen. Stat. § 14-202.1 as it existed prior to 1 October 1994, the felony of indecent liberties with a child was a Class H felony. This statute was amended, effective 1 October 1994, to make this offense a Class F felony. *See* 1993 N.C. Sess. Laws ch. 539, § 1201; 1994 N.C. Ex. Sess. Laws ch. 24, § 14(c). Since the judgment in case 01 CRS 005 was entered under Fair Sentencing, and neither party objects to this classification, we assume that the date of the offense was prior to 1 October 1994.

Under the Fair Sentencing Act, a Class H felony carried a maximum punishment of ten years, with a presumptive term of three years. A Class F felony carried a maximum punishment of twenty years, with a presumptive term of six years. It is clear that the two counts of indecent liberties with a child were Class H and not Class F felonies. The trial court erred in declaring the offenses to be Class F felonies.

The State argues that while the judgments state that the offenses were Class F felonies, they also state that the maximum term for each offense was ten years, with a presumptive term of three years. Those provisions of the judgments are consistent with a Class H rather than a Class F felony. The State argues that the designation of the two offenses as Class F felonies was a clerical error, and that we should merely remand these cases to the trial court for correction of this error.

However, during the resentencing hearing, the trial court expressly stated that each offense was a Class F felony. Further, the ten year sentences imposed would have been proper under either a Class H or Class F felony. Given the manifest conflict in the judgments, we are unable to determine that the error was a clerical one, and we vacate and remand each of these judgments to the trial court for resentencing. See *Jarman* at 202, 535 S.E.2d at 878.

### III. Class C Felonies

**[3]** In his third argument, defendant contends that the trial court erred in classifying Camden County cases 00 CRS 768-70 (one count of second-degree rape and two counts of second-degree sexual offense) as Class C felonies rather than Class D felonies. We disagree.

Prior to 1 October 1994, N.C. Gen. Stat. § 14-27.3 and 14-27.5 classified second-degree rape and second-degree sexual offense as Class D felonies. Effective 1 October 1994, the felony classification of these offenses changed to Class C. N.C. Sess. Laws ch. 539, § 1130-31; 1994 N.C. Ex. Sess. Laws ch. 24, § 14(c). The indictments and judgments in these cases stated that the offenses occurred between 13 November 1993 and 13 November 1994. Defendant argues that since most of this time occurred prior to the amendment of the respective statutes, he should have been sentenced as a Class D felon rather than a Class C felon.

"When a defendant assigns error to the sentence imposed by the trial court, our standard of review is 'whether [the] sentence is supported by evidence introduced at the trial and sentencing hearing.'" *State v. Deese*, 127 N.C. App. 536, 540, 491 S.E.2d 682, 685 (1997) (quoting N.C. Gen. Stat. § 15A-1444(a1)).

A review of the transcript reveals that C.L., the victim in case numbers 00 CRS 768-69, testified at trial that defendant committed a second-degree sexual offense against her by performing oral sex prior to her sixteenth birthday, which was 13 November 1994, but

after defendant's birthday, which was 13 October 1994. C.L. further testified that defendant committed second-degree rape against her after the second-degree sexual offense. C.L.'s twin sister, S.L., the victim in case number 00 CRS 770, testified that defendant committed a second-degree sexual offense against her by performing oral sex prior to her sixteenth birthday, which was 13 November 1994, but after defendant's birthday on 13 October.

The trial testimony of the two victims established that the incidents which were the bases for each of the charges against defendant occurred after 1 October 1994, and this evidence was sufficient to permit the trial court to sentence defendant under the Structured Sentencing Act. *See Deese* at 540, 491 S.E.2d at 685. No other evidence regarding the dates of the alleged offenses was introduced, and we hold that the State met its burden of showing that the offenses were committed after 1 October 1994. *See State v. Poston,* 162 N.C. App. 642, 651, 591 S.E.2d 898, 904 (2004).

This argument is without merit.

Defendant's remaining assignments of error listed in the record but not argued in defendant's brief are deemed abandoned. N.C. R. App. P. 28 (b)(6) (2008).

### IV.  Conclusion

The following judgments are vacated and remanded to the trial court for resentencing:

Pasquotank County: 02 CRS 1331-1335

Currituck County: 01 CRS 215

Camden County: 01 CRS 005

Camden County case numbers 00 CRS 768-70 are affirmed as to the classification of the felonies, but vacated and remanded for resentencing.

The remaining six judgments, unchallenged by defendant, are affirmed.

AFFIRMED in part; VACATED and REMANDED in part.

Judges GEER and STEPHENS concur.