**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4389**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

ANTHONY VONN HARRIS, a/k/a Anthony Vonne Harris,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:10-cr-00289-TDS-1)

Submitted: November 29, 2011          Decided: December 15, 2011

Before MOTZ, GREGORY, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Clifton T. Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Anthony Vonn Harris pleaded guilty to possession of a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006). The district court found Harris qualified for sentencing pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and sentenced Harris to the statutory mandatory minimum term of 180 months' imprisonment. This appeal timely followed.

In his opening brief, Harris asserts that his case should be remanded to allow the district court to reconsider the armed career criminal designation in light of this court's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Particularly, Harris complains that the record lacked sufficient information regarding his prior record level and whether he was sentenced within the presumptive range, both of which were necessary to determine whether his prior North Carolina convictions were for crimes punishable by more than one year of imprisonment. In response, the Government argues that, under the North Carolina Fair Sentencing Act, which was in effect when Harris sustained three of the convictions identified as ACCA predicates, these crimes were all punishable by more than one year of imprisonment, independent of any findings

2

regarding Harris' recidivism. Thus, the Government advances, Simmons is inapplicable to this case.

In his reply brief, which is submitted pursuant to Anders v. California, 386 U.S. 738 (1967), counsel for Harris suggests that there is no merit to Harris' claim under Simmons, but asks this court to review both his conviction and the armed career criminal designation for any potential Simmons error. Although advised of his right to do so, Harris has not filed a pro se supplemental brief. For the following reasons, we affirm.

I.

We first conclude that Harris' conviction is valid. Section 922(g)(1) prohibits the possession of a firearm by any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). As the Government points out, three of Harris' prior North Carolina convictions — two 1992 convictions for breaking or entering and one 1994 conviction for assault with a deadly weapon on a government official[*] — pre-date

_____

[*] According to his presentence report, Harris received a nine-year suspended sentence on the 1992 breaking or entering convictions and a five-year sentence on the assault conviction. Harris did not dispute the facts relevant to these prior convictions in the district court.

3

enactment of North Carolina's Structured Sentencing Act, which was at issue in Simmons. See generally State v. Garnett, 706 S.E.2d 280, 288 (N.C. Ct. App. 2011) (explaining that the Fair Sentencing Act "was repealed effective 1 October 1994 and succeeded by the Structured Sentencing Act, N.C. Gen. Stat. §§ 15A-1340.10 to -1340.33"). Breaking or entering is a Class H felony, see N.C. Gen. Stat. § 14-54 (2009); State v. Salters, 308 S.E.2d 512, 515 (N.C. Ct. App. 1983), and pursuant to North Carolina's Fair Sentencing Act, the presumptive sentence for a Class H felony was three years in prison. See State v. Lawrence, 667 S.E.2d 262, 264 (N.C. Ct. App. 2008) ("Under the Fair Sentencing Act, a Class H felony carried a maximum punishment of ten years, with a presumptive term of three years."). Accordingly, either of the 1992 breaking or entering convictions, for which Harris was sentenced to nine years of imprisonment, suspended, qualifies as a proper predicate for the § 922(g) charge, and Simmons does not alter this conclusion. Further, we have reviewed the transcript of Harris' Fed. R. Crim. P. 11 hearing and conclude that the district court complied with the mandates of Rule 11 in accepting Harris' guilty plea. We therefore affirm Harris' conviction.

4

We next review the propriety of Harris' armed career criminal designation. Because Harris did not challenge his armed career criminal status in the district court, this issue is reviewed for plain error. See United States v. Slade, 631 F.3d 185, 189 (4th Cir.) (stating standard of review), cert. denied, 131 S. Ct. 2943 (2011). "To prevail under this standard, [Harris] must show that an error was made, is plain, and affected his substantial rights." Id. at 190. Only if the error "affected the outcome of the district court proceedings" will the error be viewed as affecting the defendant's substantial rights. United States v. Knight, 606 F.3d 171, 178 (4th Cir. 2010) (internal quotation marks omitted). Thus, "the defendant must show that he would have received a lower sentence had the error not occurred." Id. Finally, "[t]he decision to correct the error lies within our discretion, and we exercise that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 177-78 (alteration in original) (internal quotation marks omitted).

Under 18 U.S.C. § 924(e), if a defendant violates § 922(g) after sustaining three prior convictions for violent felonies or serious drug offenses, the statutory mandatory minimum term of imprisonment is fifteen years. 18 U.S.C.

§ 924(e)(1). A violent felony is defined as a crime, punishable by a term exceeding one year of imprisonment, that (a) "has as an element the use, attempted use, or threatened use of physical force against" another person; or (b) is burglary, arson, or extortion; involves explosives; "or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii).

We have thoroughly reviewed the record and conclude the district court properly determined that Harris' prior North Carolina convictions for felony breaking or entering and felony assault with a deadly weapon on a government official qualified as ACCA predicates. First, these North Carolina convictions fall squarely within the parameters of 18 U.S.C. § 924(e)(2)(B). See United States v. Bowden, 975 F.2d 1080, 1083-85 (4th Cir. 1992) (concluding that breaking or entering under North Carolina law qualifies as "burglary"); see also United States v. Thompson, 421 F.3d 278, 284 (4th Cir. 2005) (explaining that Bowden addressed "why violations of the North Carolina [breaking or entering] statute . . . are 'violent felonies' for ACCA purposes" (internal citation omitted)). Further, that Harris was indeed sentenced to greater than one year of imprisonment for each of these convictions satisfies the statutory durational requirement to qualify a prior conviction as a "felony."

6

Accordingly, we affirm the district court's finding that Harris qualified for sentencing under the ACCA.

In accordance with the requirements of <u>Anders</u>, we have examined the entire record for any meritorious issues and have found none. The statutory mandatory minimum sentence the court imposed was procedurally and substantively reasonable. We thus affirm the district court's judgment. This court requires that counsel inform Harris, in writing, of the right to petition the Supreme Court of the United States for further review. If Harris requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Harris. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
