**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5059**

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

MICHAEL JEROME THOMPSON,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:07-cr-00035-BO-1)

Submitted: April 24, 2012                Decided: May 8, 2012

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellant. James B. Craven, III, Durham, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This is an appeal by the United States that challenges a sentence imposed by the district court. Concluding that the court misapplied United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), we vacate and remand for resentencing.

Michael Jerome Thompson pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (2006). The district court held that Thompson's six prior North Carolina breaking and entering convictions were not violent felonies for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006), which mandated a minimum sentence of 180 months' imprisonment, sentencing Thompson to ninety-two months' imprisonment. The Government appealed, and this court held that a conviction for breaking and entering under North Carolina General Statute § 14-54(a) is, as a matter of law, a "violent felony" within the meaning of the ACCA, vacated Thompson's sentence, and remanded the case for resentencing. United States v. Thompson, 588 F.3d 197, 202 (4th Cir. 2009).

Prior to the resentencing hearing, this court issued its en banc decision in Simmons, in which we held that a North Carolina conviction under the state's Structured Sentencing Act is a felony only if the actual defendant is eligible to have imposed upon him a term of imprisonment exceeding one year, taking into account his criminal history and the nature of his

2

offense.   On remand, the district court found that Thompson's three 1993 North Carolina breaking and entering convictions, as well as his 1998 and 2000 North Carolina breaking and entering convictions, did not qualify as predicate felony offenses under the ACCA in light of Simmons.   It resentenced Thompson to ninety-two months' imprisonment.   United States v. Thompson, No. 5:07-CR-00035-BO-1 (E.D.N.C. Oct. 12, 2011) (unpublished order).

As to Thompson's three 1993 North Carolina breaking and entering convictions, which were sustained under the North Carolina Fair Sentencing Act ("FSA"), effective until October 1, 1994, the district court determined that examination of the sentence Thompson actually received, rather than the statutory maximum under the FSA, was appropriate.   Turning to the sentence that Thompson actually received—five years' imprisonment, suspended—the district court found that his 1993 convictions were not predicate felony offenses because Thompson served less than one year in custodial incarceration.

With respect to Thompson's 1998, 2000, and 2002 North Carolina convictions, which were sustained under the state's Structured Sentencing Act, the court found that only Thompson's 2002 conviction qualified as a predicate felony offense under the ACCA, reasoning that Thompson received a sentence of eleven to fourteen months' imprisonment.   However, the court concluded that Thompson's 1998 and 2000 convictions did not qualify as

3

predicate felony offenses because Thompson received sentences of nine to eleven months and ten to twelve months for each conviction, respectively.

Whether a prior conviction qualifies as a predicate offense under the ACCA is a question of statutory interpretation that we review de novo. United States v. Foster, 662 F.3d 291, 293 (4th Cir. 2011). The ACCA provides that a defendant convicted under 18 U.S.C. § 922(g) who has three prior convictions for violent felonies is subject to a mandatory minimum sentence of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). A "violent felony" is any crime punishable by a term of imprisonment exceeding one year that: "(i) has as an element the use, attempted use, or threatened use of physical force against" another person; or (ii) is burglary, arson, or extortion; involves explosives; "or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B). We previously ruled on appeal that breaking and entering under N.C. Gen. Stat. § 14-54(a) is, as a matter of law, a violent crime under the ACCA; accordingly, the analysis of whether Thompson should have been sentenced on remand pursuant to the ACCA turns on whether Thompson's North Carolina convictions were punishable by a term exceeding one year.

On appeal, the Government contends that Thompson was eligible for a term of imprisonment in excess of one year under the North Carolina FSA for each of his 1993 breaking and entering convictions, and that Simmons does not alter this conclusion. The fact that Thompson received a five-year sentence, suspended, for his consolidated 1993 breaking and entering convictions, the Government asserts, further establishes that his convictions qualify as predicate offenses. In response, Thompson avers that his 1993 breaking and entering convictions were not predicate felony offenses because he served less than a year of custodial incarceration for the convictions after violating his probation. Even if Thompson's 1993 convictions did not qualify as predicate offenses under the ACCA, the Government argues, the district court erred in failing to sentence Thompson as an armed career criminal because each of his additional North Carolina breaking and entering convictions from 1998, 2000, and 2002 qualify as felony offenses.

We conclude that the district court misconstrued Simmons in finding that Thompson's three 1993 convictions, as well as his 1998 and 2000 convictions, did not qualify as predicate felony offenses under the ACCA. Pursuant to Simmons, in evaluating whether a defendant's prior state conviction qualifies as a felony under the ACCA, the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether

5

the actual defendant was subject to a potential sentence of greater than one year of imprisonment. Thus, following Simmons, a court must analyze whether the particular defendant, rather than a defendant with the worst possible criminal history, could have received a sentence in excess of one year for the offense.

With respect to Thompson's 1993 convictions, breaking and entering is a Class H felony under North Carolina law, see N.C. Gen. Stat. § 14-54 (2009); State v. Salters, 308 S.E.2d 512, 515 (N.C. Ct. App. 1983), and pursuant to North Carolina's FSA, the presumptive sentence for a Class H felony was three years in prison, with a maximum sentence of ten years. See State v. Lawrence, 667 S.E.2d 262, 264 (N.C. Ct. App. 2008) ("Under the Fair Sentencing Act, a Class H felony carried a maximum punishment of ten years, with a presumptive term of three years."). Accordingly, as to each of Thompson's 1993 breaking and entering convictions, Thompson himself was subject to a term of imprisonment exceeding one year. These convictions therefore all qualify as predicate felony offenses under the ACCA.

Thompson's North Carolina 1998 and 2000 breaking and entering convictions likewise qualify as predicate felony offenses, as Thompson personally, not merely a hypothetical defendant, was subject to a maximum term of imprisonment in

6

excess of one year for each offense under the state's Structured Sentencing Act.

Accordingly, we find that the district court erred in failing to sentence Thompson as an armed career criminal under the ACCA, as Thompson had six qualifying prior violent felony convictions. We therefore vacate Thompson's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

7