IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-1107

Filed 1 October 2024

Davidson County, No. 21CRS51598-600

STATE OF NORTH CAROLINA

v.

MARK ANTHONY JENKINS, Defendant.

Appeal by Defendant from judgment entered 2 March 2023 by Judge Lori I. Hamilton in Davidson County Superior Court. Heard in the Court of Appeals 14 August 2024.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Danielle M. Orait, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Jillian C. Franke, for the defendant-appellant.*

STADING, Judge.

Mark Anthony Jenkins ("Defendant") appeals from a jury's verdict finding him guilty of three counts of indecent liberties with a child and two counts of statutory sexual offense with a child fifteen years of age or younger. Defendant contends the trial court improperly sentenced him. After careful review, we discern no error.

## I. Background

On 8 November 2021, Defendant was indicted for three counts of indecent liberties with a child and two counts of statutory sexual offense with a child fifteen years of age or younger. The victims were Defendant's step-grandchildren, Tara and Kate.[1] Defendant's appeal concerns Defendant's conviction in case number 21 CRS 51598 for the offense of indecent liberties upon Tara.

At trial, Tara testified that Defendant began giving her leg massages when she was "probably about . . . [in] the fifth grade" and escalations of Defendant's conduct continued "often" until she was about "14 [or] 15." As the conduct developed, Tara recounted being uncomfortable and scared. As time went on, the leg massages turned into more consistent touching, with Defendant moving his hands further up Tara's thigh to her private parts. She recalled that Defendant would open her legs and eventually move his hands underneath her shorts. Tara also described how Defendant showed her pornographic material and asked to see her breasts. Defendant informed Tara that if she told anyone, "he's going to go to jail and nobody's going to believe [her]."

In 2011, the General Assembly enacted the "Justice Reinvestment Act," which amended N.C. Gen. Stat. § 15A-1340.17 (2023). *See* 2011 N.C. Sess. Laws 192, sec. 2.(e). Before the amendment became effective, a prior record level one offender convicted of a class F felony, occurring between 1 December 2009 and 30 November

---

[1] Pseudonyms are used to protect the identity of minors. *See* N.C. R. App. P. 42(b) (2023).

2011, would be sentenced at the top of the presumptive range at sixteen to twenty months. *See* N.C. Gen. Stat. § 15A-1340.17(d) (eff. 1 Dec. 2009). After the amendment became effective, a prior record level one offender convicted of a class F felony, occurring on or after 1 December 2011, would be sentenced at the top of the presumptive range at sixteen to twenty-nine months. *See* N.C. Gen. Stat. § 15A-1340.17(d) (eff. 1 Dec. 2011). In essence, the amendment created nine months of post-release supervision for Class F through I felonies. *Id.*

At the conclusion of Defendant's trial, a jury found him guilty of two counts of statutory sex offenses with a child less than or equal to fifteen years of age and three counts of indecent liberties with a child. Under case number 21 CRS 51598, Defendant was convicted of indecent liberties with a child and sentenced as provided under the Justice Reinvestment Act to serve an active term of sixteen to twenty-nine months. N.C. Gen. Stat. § 15A-1340.17(d) (2023). Defendant timely entered his notice of appeal.

## II. Analysis

Defendant argues that the State's evidence was unclear as to whether he committed the offenses before or after 1 December 2011, and he should have been sentenced under the version of N.C. Gen. Stat. § 15A-1340.17 for "offenses committed between 1 December 2009 and 1 December 2011." Thus, Defendant argues the trial court committed reversible error by sentencing him under the Justice Reinvestment Act. "[N]onconstitutional sentencing issues are preserved without contemporaneous

objection. . . ." *State v. Meadows*, 371 N.C. 742, 749, 821 S.E.2d 402, 407 (2018). When a defendant challenges the sentence imposed by the trial court, the "standard of review is 'whether [the] sentence is supported by evidence introduced at the trial and sentencing hearing.'" *State v. Deese*, 127 N.C. App. 536, 540, 491 S.E.2d 682, 685 (1997) (quoting N.C. Gen. Stat. § 15A-1444(a1) (2023)).

Defendant contends that *State v. Poston* controls this appeal. 162 N.C. App. 642, 591 S.E.2d 898. After careful review, we disagree. The defendant in *Poston* was indicted for sex crimes committed against a minor, and the indictment alleged the offenses occurred during the period of 1 June 1994 to 31 July 1994, and from 8 October 1997 to 16 October 1997. *Poston*, 162 N.C. App. at 645–46, 591 S.E.2d at 901. Effective 1 October 1994, the General Assembly enacted the Structured Sentencing Act to replace the Fair Sentencing Act. *Id.* at 646, 591 S.E.2d at 901. The defendant was sentenced under the Fair Sentencing Act for crimes committed before 1 October 1994. *Id.* at 646, 591 S.E.2d at 901. During the trial, however, testimony revealed the offenses occurred when the victim was "around seven" years of age, and the victim turned seven well after the enactment of the Structured Sentencing Act. *Id.* at 651, 591 S.E.2d at 904. This Court held "[t]he testimony that [the sexual offenses] occurred when [the victim] was '[a]round seven' … supports only a suspicion or conjecture that the crime occurred prior to 1 October 1994." *Id.* As such, *Poston* instructs when more than one sentencing regime could apply for offenses occurring during a range of time, there must be more than "suspicion or conjecture" that the

offensive acts occurred after the new regime became effective. *Id.* at 651, 591 S.E.2d at 904.

Here, the State's evidence supports more than mere "suspicion and conjecture" that Defendant committed indecent liberties against Tara both before and after the 1 December 2011 effective date of the Justice Reinvestment Act. *Id.* Early in her direct examination at trial on 28 February 2023, Tara testified she was then twenty-two years old and gave her date of birth.[2] Tara stated she first met Defendant "[a]round 2007." Next, Tara was asked about the beginning of the conduct:

> PROSECUTOR: Now, sort of drawing your attention to middle school. Around fifth or sixth grade, were you going over to your grandparents' house a lot?
>
> TARA: Yes.
>
> PROSECUTOR: And during that time frame, did anything ever happen with the defendant that made you feel uncomfortable?
>
> TARA: Yes.
>
> PROSECUTOR: If you could talk to the jury about when that started.
>
> TARA: I would say probably about, yeah, fifth grade, we would be over there and I would be watching a movie and there would be, like, leg massages. And at first it was, like, I'm a kid, so I'm just going to think, oh, just a fine little leg massage. But then after that, it would be going a little bit up more on my thighs and then it would just be a constant thing.

---

[2] Although the victim testified to her date of birth at trial, this matter is under seal and her personally identifying information is not stated herein.

Then, Tara explained when Defendant's conduct ceased:

> PROSECUTOR: How often do you think the massaging of the legs and moving his hand up, how often do you think that happened?
>
> TARA: Often. Pretty frequently.
>
> PROSECUTOR: Was it like every time you went over there?
>
> TARA: Yes. Until about the age of, like, 15 -- 14, 15.

Even drawing inferences from this testimony that are mathematically favorable to Defendant, this evidence tends to show the conduct continued until at least 2014—well beyond the Justice Reinvestment Act's 1 December 2011 effective date. Thus, the evidence presented at trial is not mere "suspicion or conjecture" and adequately supports the sentence rendered by the trial court. *See Poston*, 162 N.C. App at 651, 591 S.E.2d at 904; *see also Deese*, 127 N.C. App. at 540, 491 S.E.2d at 685. Accordingly, we discern no error in Defendant's sentencing.

### III. Conclusion

We hold the trial court's imposition of Defendant's sentence is without error.


NO ERROR.

Judges TYSON and THOMPSON concur.